J. JORDAN, RESPONDENT, *v.* MOUNT PLEASANT, APPELLANT.

MUNICIPALITIES — OBSTRUCTING WATER COURSE — LIABILITY—SURFACE WATERS.

1. It was the duty of the city authorities of Mt. Pleasant to have used all reasonable means and precautions to prevent injurious consequences to its people and to property from floods which they should have anticipated, but in doing so they should have used all reasonable means and precautions not to cause the destruction of or injury to other property.

15 UTAH—29

2. Water flowing in creeks or ditches cannot be regarded and treated as surface water.

(No. 821. Decided July 31, 1897.)

Appeal from the Seventh district court, San Pete county. J. W. N. Whitecotten, *Judge pro tem.*

Action by J. Jordan against the city of Mount Pleasant. Judgment for plaintiff. Defendant appeals. *Affirmed.*

*Williams, Van Cott & Sutherland* and *A. G. Sutherland,* for appellant.

In the states where the common law rule with reference to surface water is held to be in force, it is also held that flood waters are surface waters and as such may be defended against. *Shelbyville* v. *Green,* 99 Ind. 205; *Jean* v. *Pennsylvania Co.,* 36 N. E. Rep. 159; *Howard* v. *Des Moines,* 62 Ia. 326; *Railway Co.* v. *Keys* (Kan.) 40 Pac. Rep. 275; *Cass* v. *Dix* (Wash.) 44 Pac. Rep. 113; *Walker* v. *Ry. Co.,* Advance sheets U. S. Sup. Ct., April 1, 1897, p. 469; *Morrissey* v. *Ry. Co.* (Neb.) 56 N. W. Rep. 946; *Abbott* v. *Ry. Co.* (Mo.) 20 Am. & Eng. Ry. Cas. 103 and note 115; note in 5 Am. and Eng. Ry. Cas., 86-89; *Cass* v. *Dix* (Wash.) *supra; Neal* v. *London & N. W. Ry. Co.,* L. R. 10 Ex. Cases 4; *Rex* v. *Commissioners,* 8 Barn. & C. 355.

*Reed & Errickson,* for respondent.

ZANE, C. J.:

It appears from the findings of the lower court that Pleasant creek is a natural stream of water having its source in the mountains, and running westerly through the city of Mt. Pleasant; that its width varies from 8 to 12 feet; that its banks are perpendicular on either side, and from 2 to 12 feet high; that it held all its waters until

a flood in 1893, caused by a heavy storm, called a "cloud burst;" that in 1894 the city authorities, at a point 3 or 4 miles above Mt. Pleasant, at the mouth of the canyon from which the creek issues, constructed barriers, 4 or 5 feet high, with an opening of about 8 feet for the waters of the creek to pass through, extending back on either side to ridges beginning a short distance above, and extending down the stream a distance of 2 miles, from 3 to 8 rods apart; that upon the outside of the ridges, which average in height from the bottom of the creek about 12 feet, the land is lower; that ditches were cut through these ridges, just above the barriers, to the depth of from 18 to 24 inches, through which the waters could flow before running over the barriers; that on May 29, 1896, a flood, caused by an extraordinary storm called a "cloud burst," carried into and down the creek great quantities of debris consisting of timber, rocks, and mud, choking the opening between the barriers. A portion of this water and debris flowed through the ditches in the ridges on either side of the creek, and over the lands of the plaintiff and his assignors, greatly injuring the same and the crops thereon. It appears that the flood of 1893 overflowed the banks of the creek, but not the ridges on either side, from 3 to 12 rods apart; but below those natural elevations the water spread over a considerable area of land, including residence and business property, carrying mud and other drift, and doing serious damage. To prevent or alleviate such a calamity from a like occurrence, the city authorities erected the barriers and made the ditches complained of. Overruling necessity may be relied upon to justify the destruction of or injury to private property in some emergencies, as counsel contend. In the face of pending and imminent danger of destruction and disaster from the spread of a conflagra-

tion, or from the advance of a hostile army, the ravages of an infuriated mob, or the approach of a flood, the rights to private property may be sacrificed to prevent overwhelming calamity. But we do not think the erection of the barriers and the construction of the ditches two years before the flood, as they were made, can be so justified. It would seem that the opening between the barriers could have been made wider, and below the elevations on either side the capacity of the creek could have been increased or a ditch could have been added, or, if that was impracticable, ditches might have been provided to carry the water flowing over the elevations in consequence of the barriers. The city authorities must have contemplated the overflow to some extent, if not to the full extent that actually occurred in consequence of the barriers, from the fact that they cut the later ditches through the ridges. Undoubtedly the city authorities had the right, and it was their duty, to prevent injurious consequences from floods, which they should have anticipated, by the use of all necessary and reasonable means. But it was also their duty in so doing to use all reasonable means and precautions not to cause the destruction of or injury to private property, and, if necessary, to resort to right of eminent domain.

Counsel contend that the injury to plaintiff and his assignors was caused by surface water. After the water had collected in the creek, it could not be regarded as surface water. The judgment of the court below is affirmed.

BARTCH and MINER, JJ., concur.