# LORENZO LISONBEE, APPELLANT v. MONROE IRRIGATION CO., AND SOUTH BEND IRRIGATION CO., RESPONDENTS.

CONTROL OF IRRIGATING WATER — MAINTENANCE OF DITCHES — REASONABLE CARE—LIABILITY FOR NEGLIGENCE—CARE OF SURPLUS WATER — OFFER OF PROOF — PRODUCTION OF WITNESSES— CONTEMPTUOUS CONDUCT—RIGHTS OF COURT AND OF ATTORNEY.

1. *Construction and Maintenance of Canals—Control of Irrigating Waters—Reasonable Care—Damages.*

> The law requires canal companies to use reasonable skill, judgment and care in the construction of their ditches and in their maintenance and repair, and imposes upon the proprietors of irrigated lands like skill, judgment and care in the use and control of irrigating water.   If such water flows upon the surface of irrigated lands onto the adjoining lands of another to his injury, the person whose negligence causes or permits it must respond in damages.   When the lower land becomes soaked and too wet from infiltration and perco-

lation from irrigated land, and is thereby injured and damaged, the upper proprietor cannot be held liable when he irrigates his land with reasonable care and uses no more water than is reasonably necessary in so doing.

2. *Surplus Water—Disposition—Suitable Ditches—Repairs—Damages.*

Canal companies and others should conduct their surplus waters in suitable ditches to the source of supply, when practicable, and should control and dispose of such waters so that they will not injure the property of other persons. A canal company whose surplus ditch is inadequate and is improperly maintained is liable in damages to one who is injured by the water escaping from said ditch.

3. *Construction and Maintenance of Dams, Canals, etc.—Reasonable Care—Act of God.*

Canal companies and others attempting to control and use water are only required to anticipate and prepare to meet such emergencies as may reasonably be expected to arise in the course of nature. They are not required to meet unlooked for and overwhelming displays of power—such as storms of such unusual violence as to surprise cautious and reasonable men.

4. *Finding Against Weight of Evidence—Error.*

Where the court sitting as chancellor makes findings on which judgment is entered, contrary to the weight of the evidence, the judgment will be set aside.

5. *Offer of Proof—Production of Witnesses.*

Where counsel for plaintiff offered to prove certain facts, and the court required that the witnesses be sworn and put upon the stand, so that the admission of questions and answers might be ruled upon, which counsel for plaintiff refused to do; *held,* that such offers were properly rejected.

6. *Contemptuous Conduct—Rights of Court and Counsel—Error.*

The court should preside with dignity and propriety, and has the right to reprove or rebuke counsel for language and conduct tending to bring it into contempt, and in proper cases to punish by fine or imprisonment. Counsel should be respectful, and has rights which the court should at all times

respect. The court regarded the language and manner of plaintiff's counsel as contemptuous and used language towards counsel in the presence of the jury which he regards as prejudicial. *Held*, that in view of the record the language of the court was not prejudicial error.

(Decided November 9, 1899.)

Appeal from the District Court Sevier County, Hon. Wm. McCarty, *Judge.*

Action by plaintiff against defendants for damages for improperly constructing and negligently maintaining certain irrigating ditches, and for an injunction restraining defendants from maintaining their ditches so as to injure property of plaintiff. From a judgment for defendants, plaintiff appeals. *Reversed.*

*Messrs. Stewart & Collins*, for appellant.

That the owner of a ditch is liable for all waters flowing therein, which as a reasonable man, he should know would find its way therein, see: *Jordan* v. *City of Mt. Pleasant*, 49 Pac. 746; *North Point Cons. Irrigation Co.* v. *Utah & S. L. Canal Co.*, 52 Pac. 168; *State* v. *Norrell*, 53 Pac. 610. See also: *Boynton* v. *Longley*, 6 Pac. 437; *McCarty* v. *Boise City Canal Co.*, 10 Pac. 623; *Shields* v. *Orr Ditch Co.*, 47 Pac. 194.

Where an offer of legal testimony is made it is error to refuse it. Jones on Evidence, Sec. 897; Rice on Evidence, 511; 21 Am. St. Rep. 879.

That the remarks of the trial court tended to prejudice the case of the appellant in the eyes of the jury, see: Thompson on Trials, Secs. 218–219; *Walker* v. *Coleman*, 49 Pac 640; *People* v. *Abbott*, 34 Pac. 500; *Surface* v. *Douglas*, 41 Pac. 207; *People* v. *Glassman*, 42 Pac. 956; *Cone* v. *Citizens' Bank*, 46 Pac. 414; *Howland* v. *Oakland Cons. St. Ry.*, 47 Pac. 255.

*J. B. Jennings, Esq.*, for respondent.

The trial court had the verdict of the jury advising it, it had the witnesses personally before it and therefore had every opportunity to determine every fact fully, and the court will be loth to disturb its findings "if there appears in the records competent evidence upon which they are based."

As to the rule of law on this proposition see the following authorities: Rev. Stats. 1898, Sec. 3169, and note; *Wasatch Mining Co.* v. *Jennings*, 14 Utah, 221; *Evans* v. *Ross*, 8 Pac. 88; *Sweetzer* v. *Dobbins,* 4 Pac. 541; *Hewet* v. *Pilcher*, 24 Pac. 781; *Shirley* v. *Shirley*, 27 Pac. 1097; *Arnold* v. *Sinclair*, 29 Pac. 1133–4; *Moore* v. *Copp*, 51 Pac. 632.

Zane, C. J.

The plaintiff alleged in his complaint he was the owner of 56 acres of land situated below defendant's canals and lands irrigated from them; that they owned and controlled a certain ditch through which they carried surplus and waste water from off lands irrigated by them to the Sevier river, the source of supply; that such ditch extended through plaintiff's land and had been improperly constructed and was negligently maintained; that in consequence of such defective construction and want of repair the drainage from the higher land irrigated from defendant's canals was collected, and caused to flood a portion of plaintiff's land, washing it away and rendering it unproductive. In his complaint, the plaintiff also declared upon another cause of action similar to the one above set forth, and concluded with a prayer for judgment for $575, and for a writ of injunction restraining the defendants from so maintaining their surplus ditch as to injure his property.

The defendants answered denying the improper construction of the ditch, negligence in maintaining it, or that they caused plaintiff's land, or any part of it to overflow, or that any water escaped from their surplus ditch on to it to plaintiff's injury.

Defendants had the right to conduct water through their ditches and to deliver so much as was necessary for the irrigation of the lands of their stockholders or other persons, and if in consequence of improper and negligent irrigation the proprietors of such lands allowed it to escape onto the lands of other persons to their injury, such proprietors would be liable to such other persons for such negligence, and not the canal companies without fault. The law requires canal companies to use reasonable skill, judgment and care in the construction of their ditches and in their maintenance and repair, and imposes upon proprietors of irrigated lands like skill, judgment, and care in the use and control of irrigating water. If such water flows upon the surface of irrigated lands onto adjoining lands of another, to his injury, the person whose negligence causes or permits it must respond in damages. When the lower land becomes soaked and too wet from infiltration and percolation from irrigated land, and is thereby injured and damaged, we are not disposed to hold that the upper proprietor can be held liable when he irrigates his land with reasonable care, using no more water than is reasonably necessary in so doing.

Undoubtedly canal companies and other persons should conduct their surplus waters, or waters they may allow to go to waste in suitable ditches to the source of supply when practicable, or to otherwise control them so they will not injure the property of other persons. Judgment, reasonable skill and care should be used in constructing and maintaining surplus or drain ditches; such ditches

should be adequate and suitable to carry such surplus or other water allowed to collect in them so that it may not escape onto the adjoining lands of other persons to their injury, and they should be kept so by necessary repairs, and such ditches should be so constructed as not to obstruct the natural flow of surface or other water to the injury of the lands or crops of other people.

*North Point Cons. Irr. Co.* v. *Utah & S. L. Canal Co.*, 52 Pac. Rep. 168.

Water controlled by gravitation manifests a power familiar to all, capable of accomplishing useful and beneficial purposes or destructive and disastrous consequences and results, and therefore when individuals interfere with or undertake to control such a force as an agency for their own purposes, by the employment of dams, canals or machinery, the law requires them to use judgment, skill, care and caution in the construction and maintenance of such means and appliances, in order that their neighbors or other people may not be injured. But they are only required to anticipate and prepare to meet such emergencies as may reasonably be expected to arise in the course of nature; they are not required to prepare to meet unlooked for and overwhelming displays of adverse power — such as storms of such unusual violence as to surprise cautious and reasonable men. *Jordan* v. *Mount Pleasant*, 15 Utah, 449.

We deem this explicit statement of the rights and obligations of persons controlling and using water for their own purposes under the conditions mentioned, because a clear understanding of such rights and duties is necessary to an intelligent and just disposition of this case.

It appears from the record that this case was tried by the court below sitting as chancellor; that a jury was called to try the issues as to damages; that they found the

issues for the defendants; that the court regarded the verdict as advisory simply, and made findings of fact upon the evidence, stated conclusions of law, and entered a decree denying the injunction asked, adjudging the issues as to damages against the plaintiff, and costs to defendants. The court stated in its findings "That the ditch was not negligently constructed or maintained," and the plaintiff assigns this as error.

The defendants having used and controlled the ditch to carry surplus and waste water to the Sevier River, they should have given it sufficient capacity to hold all water that might be reasonably expected to accumulate in it, and they should have enlarged and repaired it from time to time as experience, observation, and safety might indicate.

It appears that a flume of the Annabella Canal Company obstructed it in part for a time and at times caused it to overflow its banks; this the defendants should have removed or avoided without unreasonable delay; and it also appears that Buttlesen's dam in Monroe Canyon broke, and its waters ran over plaintiff's land. This, of course, defendants were not responsible for; but breaches in the banks of the ditch were allowed to remain an unreasonable length of time, through which its waters flowed onto plaintiff's land, and the decided weight of evidence shows that the ditch in places was inadequate to hold all the water that was allowed to accumulate in it, in the absence of extraordinary and overwhelming emergencies. Of course waters from rains within the scope of reasonable expectation will at times be added to those from irrigation, and swell the volume. Such contingencies the defendants were bound to anticipate in the course of nature.

How much damage to plaintiff's land was caused by the waters of the ditch, in the absence of extraordinary and

surprising emergencies, it is difficult to ascertain from the evidence. It clearly appears from the decided weight of it there was some. Without specifying the evidence that proves this with more particularity, we are clearly of the opinion that the defendants did not use such judgment, diligence and care in the construction and repair of the surplus ditch in question, as the law required them to do, and we hold that the above finding was erroneous.

For similar reasons portions of the 6th, 7th, and 8th findings of fact must be held to be erroneous.

Counsel for plaintiff made offers to prove certain facts, but the court required them to have the witnesses sworn to put them upon the stand so that the admission of questions and answers might be ruled upon. Counsel refused to do so and the offers were rejected. This ruling of the court is also assigned as error. We hold that the court was right.

It appears from the record that the trial was attended with unusual irritation and discord; that the language and manner of one of plaintiff's attorneys toward the court on the trial, and other language of the same attorney out of the hearing of the court, but afterwards brought to his ears, was regarded as contemptuous, and at different times during the trial the court used language toward the attorney which being in the hearing of the jury he alleged was prejudicial to his client's case, and for that reason he excepted to it, and assigns it as error.

The court has the right to maintain its dignity and reprove or rebuke counsel for language and conduct tending to bring it into contempt, or in a proper case to punish by fine, and in some cases, imprisonment. Counsel should be respectful, and the court should preside with dignity and propriety. Counsel also have rights which the court should at all times respect.

In view of the record, we are disposed to hold that the language excepted to was not prejudicial error.   Numerous other errors are assigned which we have considered, but do not deem it necessary to extend this opinion by a special examination of them.

The judgment is reversed, with directions to the court below to grant a new trial.   Costs of appeal awarded to plaintiff.

BARTCH, J. and MINER, J., concur.