# WHEELWRIGHT v. NATIONAL COPPER BANK
## (BEN LOMOND ORCHARD CO., Intervener).

No. 2469. Decided May 8, 1913 (133 Pac. 132).

1. CORPORATIONS—RECEIVERS—RIGHT TO ASSETS. While ordinarily a receiver is entitled to the assets of an insolvent corporation to the exclusion of the others, he is not always so entitled. (Page 582.)

2. PLEADING—GENERAL DEMURRER. A general demurrer only reaches defects of substance appearing upon the face of the pleading. (Page 582.)

3. EXECUTION—ACTION BY CREDITOR—INTERVENTION. Under Comp. Laws 1907, sec. 2925, authorizing any person claiming an interest in the subject-matter of the pending action to intervene at any time before trial, a judgment creditor who had an execu-

tion which was served upon a bank holding funds of the debtor and returned unsatisfied could intervene in an action by the debtor against the bank to recover such money.    (Page 582.)

4. EXECUTION—ACTION BY CREDITOR—INTERVENTION.    Comp. Laws 1907, sec. 3240, provide that all property not capable of manual delivery may be attached on execution in like manner as on writs of attachment.    Sec. 3074 provides for the attachment of property controlled by a third person, by serving upon the person having control thereof the copy of the writ and a notice that such property or debts are attached pursuant to such writ, and sec. 3075 provides that all persons having under their control any credits, etc., belonging to defendant, or owing any debts to him at the time of service upon them of the copy of the writ and notice, shall be liable to the plaintiff until the attachment be discharged, unless such property be delivered to the officer.    Held, that where a bank holding funds belonging to a judgment debtor refused to surrender such fund to the officer upon a service on it of the execution issued upon a judgment obtained by intervener against the judgment debtor, intervener could bring an action against the bank to recover such money by intervening in a pending action by the judgment debtor against the bank.[1]    (Page 583.)

APPEAL from District Court, Third District; *Hon. Geo. G. Armstrong,* Judge.

Action by David R. Wheelwright, as Receiver of the McGriff Orchard and Canning Co. against the National Copper Bank of Salt Lake City, Utah, in which the Bend Lomond Orchard Company attempted to intervene.

Judgment sustaining the demurrers to the complaint in intervention.    Intervener appeals.

REVERSED AND REMANDED, WITH DIRECTIONS TO OVERRULE DEMURRERS, AND FOR FURTHER PROCEEDINGS.

*Skeen Bros. and Wilkins* for appellant.

*Halverson* and *Pratt* for respondent Wheelwright.

*M. E. Wilson* for respondent bank.

[1] Bristol v. Brent, 36 Utah, 108, 103 Pac. 1076, 140 Am. St. Rep. 804, 21 Ann. Cas. 1125.

FRICK, J.

The receiver of the McGriff Orchard & Canning Company, hereinafter styled canning company, brought this action to recover the sum of $1011.66 from the National Copper Bank of Salt Lake City, which it is alleged said bank had in its custody as the depositary of said canning company. The complaint is in the usual form in such cases, with an allegation of a demand and refusal. The Ben Lomond Orchard Company, a corporation, and the appellant here, hereinafter called appellant, pursuant to Comp. Laws 1907, section 2925, filed its complaint in intervention in the afore-mentioned action in which it in substance alleged that it was a judgment creditor of said canning company for the sum of $1040, with accrued interest thereon at the rate of eight per cent. per annum from the 1st day of November, 1908; that on the 30th day of October, 1911, execution was duly issued upon a judgment theretofore obtained against said canning company by appellant's assignor, and on said day was delivered to the sheriff of Salt Lake County; "that said execution was duly served by the said sheriff on the 30th day of October, 1911, and by virtue thereof the said sheriff attached and levied upon all money due from the said National Copper Bank of Salt Lake City, Utah, to the said McGriff Orchard & Canning Company," stating the manner of service, which was as provided by our statute. It is further alleged that said bank rendered a statement to the sheriff, wherein it acknowledged that it was indebted to said canning company in the sum of $1011.66, but refused to pay the same to the sheriff, or to apply it in satisfaction of the judgment aforesaid, and that the sheriff has returned said execution as wholly unsatisfied. It is further alleged in the complaint that the said $1011.66 is the identical money or indebtedness that the receiver aforesaid seeks to recover in his action. General demurrers were interposed to the complaint in intervention, both by the receiver and the bank. The court sustained the demurrers, and, the appellant electing not to plead further, judgment was entered against it, from which this appeal is prosecuted.

Appellant insists that the court erred in sustaining the demurrers and in entering judgment dismissing its complaint in intervention.

As we read the contentions of the attorneys for the receiver, the only grounds upon which they seek to sustain the rulings of the trial court, in substance, are:

(1) That the appellant cannot recover in this action because a receiver has been appointed to administer the assets of the canning company, and that he is entitled to the exclusive possession of said assets for the benefit of all the creditors of said company; (2) because the appellant in no event had the right to intervene in this action; and (3) that the appellant has mistaken its remedy if it has any under our statute.

The first ground is clearly untenable. While it may be conceded that ordinarily a receiver is entitled to the assets of an insolvent corporation to the exclusion of all others, yet such is not under all circumstances necessarily the case. But it does not appear upon the face of the complaint that a receiver has been appointed, or that he is entitled to the assets of the canning company.

A general demurrer reaches only defects of substance appearing upon the face of the pleading to which it is directed. It does not appear upon the face of the complaint in intervention that a receiver has been appointed for the canning company, nor that the appellant is not or may not be entitled to the deposit; hence the ruling of the court cannot be sustained upon the first ground.

Nor can the second reason urged by counsel be sustained. We think the facts alleged in the complaint in intervention bring the case squarely within our statute (Comp. Laws 1907, sec. 2925), which authorizes any person claiming an interest in the subject-matter of a pending action to intervene therein at any time before trial. This is precisely what the appellant did by filing its complaint in intervention.

The third ground urged by counsel for the receiver, in our judgment, should also be overruled. The appellant pred-

icates its claim to the money involved in this action upon a lien which it insists it acquired by levying upon or attaching the money under the execution mentioned in its complaint, which was served pursuant to Comp. Laws 1907, sec. 3240. That section, among other things, provides that "all other property not capable of manual delivery, may be attached on execution in like manner as on writs of attachment." The money in question, it is alleged, was owing by the bank to the canning company. What was sought to be reached by serving the execution, therefore, and the notice on the bank, was not the money in specie, but rather the indebtedness due by the debtor, the bank in this instance, to its creditor, the canning company. This could have been done by serving a writ of garnishment, but in this state an indebtedness may also be attached upon execution by proceeding "in like manner as on writs of attachment." Comp. Laws 1907, sec. 3074, provides how property or credits in the possession or under the control of third parties may be attached on writs of attachment. The manner provided for there is by serving upon the person who has in his possession or under his control property belonging to the defendant in an action, or who is indebted to him, "a copy of the writ and a notice that such credits or other property or debts, as the case may be, are attached in pursuance of such writ." Comp. Laws 1907, sec. 3075, reads:

"All persons having in their possession or under their control any credits or other personal property belonging to the defendant, or owing any debts to the defendant at the time of service upon them of a copy of the writ and notice, shall be, unless such property be delivered up or transferred, or such debts be paid to the officer, liable to the plaintiff for the amount of such credits, property or debts, until the attachment be discharged, or any judgment recovered by him be satisfied." These provisions also apply to executions.

The appellant therefore pursued, or at least attempted to pursue, the remedy pointed out by the sections of the statute which do not relate to the issuance and service of a writ of garnishment. The bank, so it is alleged, recognized the

service upon it by rendering a statement in which it stated the amount of money it had in its possession belonging to the canning company, the judgment debtor of appellant, but refused to surrender the same to the sheriff. In view of this, what is appellant's remedy? It seems to us that the only one open to it is an action against the bank to recover the money, if any, owing from it to the canning company when the copy of the execution and notice aforesaid was served upon it. It is true that under our statute, as we pointed out in *Bristol v. Brent,* 36 Utah, 108, 103 Pac. 1076, 140 Am. St. Rep. 804, 21 Ann. Cas. 1125, a creditor under the circumstances the appellant was in may pursue one of two remedies. If he desired to proceed directly against the person who is in possession of property belonging to the judgment debtor or who is indebted to the latter, the creditor may obtain a writ of garnishment, and serve it upon such person and make him a party to the action as garnishee. If this be done the garnishee must answer the statutory interrogatories served with the writ; and, if he fails to do so within the time fixed by the statute after service is made upon him, judgment may be entered against him by default, as provided in Comp. Laws, 1907, sec. 3098, and such judgment may be enforced as therein provided. In such event the garnishee becomes a party to the action, and may appeal from any judgment rendered therein affecting him or his rights. Again, if he answers that he is indebted, judgment may be entered against him for the amount stated by him, and the same may be enforced in the usual way. Where, however, as in this case, the judgment creditor does not seek to make the debtor of his judgment debtor a party to the action, he may proceed, as was done by the appellant; and, if the person upon whom a copy of the execution is served, together with the notice provided for in sections 3073 and 3074, fails to surrender the money or property in his possession or under his control, an action may be commenced against such person to recover judgment for the money due or the value of the property in his possession or under his control, as the case may be. Counsel for the receiver do

not dispute the right of appellant to bring such an action. Indeed they contend that that is the remedy he should have pursued. But it seems to us that if it be once conceded that the appellant has a right of action against the bank for the amount of money it admitted it had in its possession belonging to the canning company, appellant may intervene in any action wherein that money is the subject thereof. This is clearly contemplated by our statute, and is fair to the bank, the custodian of the money, and certainly in no way interferes with any legal rights of the canning company. In such cases, after the intervention is allowed, the court has all the parties before it—those who claim the money as well as the one who holds it as debtor, depositary, trustee, or bailee, as the case may be—and the court may then determine the rights of all concerned and end the whole controversy in that proceeding. This cannot be as expeditiously nor as equitably done in any other way.

What we decide, and all that we decide, therefore, is that the complaint in intervention states a cause of action, and requires the court to allow the appellant to establish the facts alleged if it can. Whether the appellant is entitled to the money in question, or whether the receiver is, cannot now be determined, but must be determined from all the facts as they are disclosed on a trial of the issues and in view of the law applicable thereto.

The judgment is reversed, and the case is remanded to the district court, with directions to overrule the demurrers and to proceed with the case in accordance with this opinion. Appellant to recover costs on appeal.

McCARTY, C. J., and STRAUP, J., concur.