## JENSEN v. DAVIS AND WEBER COUNTIES CANAL CO.

No. 2547.   Decided December 16, 1913 (137 Pac. 635).

1. WATERS AND WATER COURSES—IRRIGATION CANAL—LEAKAGE. Comp. Laws 1907, sec. 1288x29, requiring the owner of any canal, etc., to maintain the same in repair so as to prevent waste of water or damage to the property of others, requires the owners of an irrigation canal to exercise ordinary care to prevent injury to adjoining land. (Page 11.)

2. WATERS AND WATER COURSES—IRRIGATION CANAL—ACTION. In an action for injury to land caused by the seepage of water from an irrigation canal, evidence held sufficient to take to the jury the question of the canal owner's negligence. (Page 11.)

3. WATERS AND WATER COURSES—WATER COURSES—IRRIGATION CANAL. —INJURIES—ACTIONS. Though, in an action for injury to land caused by seepage of water from an irrigation canal, evidence that after the injury defendant cemented the canal, when the seepage ceased, was not competent to prove negligence, it was competent to rebut defendant's contentions that the water causing the injury did not seep from the canal, and that if it did, it could not have been avoided. (Page 14.)

4. TRIAL—OFFER OF PROOF—EVIDENCE FOR PARTICULAR PURPOSE. If defendant desired to present the question as to the admissibility of such evidence to prove prior negligence, he should have requested a charge confining and limiting it to the purposes for which it was admissible. (Page 14.)

5. APPEAL AND ERROR—HARMLESS ERROR—ADMISSION OF EVIDENCE. Though, in an action for injury to land caused by leakage from an irrigation canal, the measure of damages was the diminution of the value of the land, it was not prejudicial error to admit evidence of injuries to crops, where the court correctly charged the jury upon the measure of damages in accordance with appellant's request, and the evidence was admitted only to show the extent of the injury, and the amount of the verdict showed the jury were not misled. (Page 17.)

APPEAL from District Court, Second District; *Hon. J. A. Howell,* Judge.

Action by Jacob Jensen against the Davis and Weber Counties Canal Company.

Judgment for plaintiff. Defendant appeals.

AFFIRMED.

*Hancock & Barnes* for appellant.

*John E. Bagley, J. D. Murphy,* and *Valentine Gideon* for respondent.

FRICK, J.

This was an action to recover damages alleged to have been caused by seepage or percolation from an irrigating canal. The plaintiff, respondent here, as a cause of action, after stating the corporate capacity of the defendant,

appellant in this court, in substance alleged that at the time of the injuries complained of he was the owner and in possession of certain lands in Davis County, Utah, on which were growing fruit trees and alfalfa grass; that the appellant for many years prior to the injuries complained of had owned and operated, and then owned and operated, through a portion of respondent's land a certain canal, through which it conducted large quantities of water used for irrigation and other purposes; that in the fall of 1910 and the winter of 1911 appellant caused said canal to be enlarged by widening and deepening the same at the point where it passes through respondent's land, and at which places the soil is sandy and very porous; that the enlargement of said canal was negligently done, and it was thereafter during the seasons of 1911 and 1912 negligently maintained, by reason of which a large quantity of the water flowing in said canal was caused and permitted to seep and percolate through the porous soil aforesaid, and to be and remain underneath and near the surface of respondent's orchard and alfalfa growing on the land aforesaid, causing a large number of the fruit trees growing in said orchard and a part of said alfalfa to die, all of which injured and damaged said land to the extent of $1500, for which sum he demanded judgment. The appellant answered the complaint, and in its answer, after admitting its corporate capacity, ownership, enlargement, and use of said canal for the purposes stated by respondent, in effect, denied all other allegations of the complaint. It further averred that the enlargement of said canal was carefully and prudently done, and that it was thereafter carefully operated and maintained. It also interposed the plea of the statute of limitations. Respondent, in substance, proved that for many years prior to 1910, appellant had owned and used said canal for the purpose of carrying water through it, which was used for irrigation and other purposes; that for eight years immediately preceeding 1910 respondent had an orchard, alfalfa, and other vegetation growing on his land along and near said canal; that during all of said years he suffered no injury from seepage

or percolating water to his trees or crops; that in the fall of 1910 and winter of 1911, appellant enlarged said canal by widening it about six feet and deepening it to some extent, and that after such enlargement, in the growing seasons of 1911 and 1912, large quantities of water seeped and percolated through the porous soil that was exposed by the enlargement of said canal, a large portion of which water seeped and percolated underneath and near the surface of respondent's land, on which was growing a large number of bearing fruit trees and some alfalfa, and which water remained standing in large quantities underneath and near the surface of said soil, as aforesaid, and caused a large number of said fruit trees and a portion of said alfalfa to die; that by reason of the facts and conditions aforesaid despondent's land was damaged, and the amount of such damage was proved; that during the fall and winter of 1912 appellant had caused the sides and bottom of said canal where it passed through respondent's land to be cemented, after which the seepage and percolation and injury ceased. The evidence relating to the cementing of the canal was admitted, over appellant's objections and exceptions. Upon substantially the foregoing evidence appellant interposed a motion for a nonsuit upon the ground that no negligence had been proved, which motion the court denied. After the motion was denied the appellant submitted its evidence, and upon the whole evidence the cause was submitted to the jury, which found in favor of respondent, and assessed the damages to his land in the sum of $240. Judgment was accordingly entered, which we are asked to reverse for the reasons hereinafter stated.

It is insisted that the court erred in overruling the motion for a nonsuit, for the reason that no negligence was shown. We have a statute (Comp. Laws 1907, section 1288x29) which, so far as material here, provides:

"The owner or owners of any ditch, canal, flume, or other water course shall maintain the same in repair, so as to prevent waste of water or damage to the porperty of others."

This statute imposes upon the owners of canals or ditches used for irrigation the duty of exercising ordinary care so

as to prevent injury and damage to others. This court has, in several cases, held that owners of irrigating canals or ditches are liable for injuries or damages which are directly caused by their acts of omission or commission, if such acts constitute negligence and damage follows. In other words, if by the exercise of ordinary care and prudence, as those terms are ordinarily defined in negligence cases, the damage could have been avoided, a failure to exercise such care and prudence may constitute actionable negligence. (*Jenkins. v. Hooper*, 13 Utah, 100, 44 Pac. 829; *Lisonbee v. Monroe Irr. Co.*, 18 Utah, 343, 54 Pac. 1009, 72 Am. St. Rep. 784; *Belnap v. Widdison*, 32 Utah, 246, 90 Pac. 393; Wiel, Water Rights, etc. (3 Ed.) section 461.) We are of the opinion that there was sufficient evidence to take the case to the jury. Upon the question of negligence, therefore, the court did not err in refusing to grant a nonsuit.

The reasons just stated also dispose of the assignment that the court erred in not directing a verdict for appellant.

Error is also assigned because the court permitted respondent to show that after the injury to his land by the seepage, appellant had caused the sides and bottom of the canal to be cemented. From the statement made        3, 4 by respondent's counsel when the evidence was offered, it is apparent that it was offered for the purpose of proving negligence. Appellant's counsel strenuously insist that the evidence was not proper for that purpose, and hence they say it was error to permit it to go to the jury. It has been settled by numerous decisions emanating from the courts of last resort that in this country repairs or alterations made after the injury complained of are not competent evidence for the purpose of proving actionable negligence. We need not pause here to cite the numerous authorities on that point. A large number are collated in counsel's brief, to which reference is hereby made. It does not necessarily follow, however, that because subsequent acts of omission or commission may not be shown to prove prior negligence, such acts acts may not under some circumstances, be competent evidence for some other purpose. While the evidence

objected to was not proper for the purpose for which it was offered by counsel for respondent, yet it was competent and proper for at least two other purposes. The reasons assigned by appellant's counsel in their brief why a nonsuit should have been granted are that "there is no evidence to show that something had not been done that should have been done, nor that something had been done improperly" in the enlargement of the canal, and in the subsequent maintenance and use thereof. Again, one of the principal contentions of appellant's counsel all through the trial of the case in the court below was, and in this court is, that the damage to respondent's land was not caused by water which seeped or percolated from the canal. Two contentions thus somewhat contradictory were made by appellant: (1) That the water on respondent's land, causing the damage, did not seep from the canal; and (2), if it did, such seepage could not have been avoided. As we shall attempt to show, the evidence objected to tended to disprove both contentions, and hence for that purpose was admissible. Before respondent could recover, and the court so charged the jury, he was required to prove by a preponderance of the evidence, that the damage of which he complained was actually caused by seepage water coming from the canal. Respondent did prove that before its enlargement the canal had been used for many years, and that, although during all that time practically the same quantity of water was flowing therein during the irrigating seasons, yet no damage had ever resulted to the land or the trees growing thereon, but that immediately after the canal was enlarged the seepage water began to accumulate on his land. By the evidence to which counsel objected it was shown that after the sides and bottom of the canal had been cemented, the seepage ceased. The inference to be deduced from all the foregoing evidence is obvious, and therefore it was shown that it was the water which seeped and percolated from the canal that in all probability caused the damage complained of. The evidence, therefore, was properly received as tending to prove the foregoing issue.

But, as pointed out, counsel also assert that it was not shown that anything was omitted that should have been done. There is but one inference to be deduced from the fact that the seepage ceased as soon as the sides and bottom of the canal had been cemented. These facts, or the inferences to be deduced therefrom, therefore, also constituted evidence tending to show that there was a feasible and practical method by which the seepage could have been avoided. Counsel's contentions, therefore, must fail. But suppose respondent had produced experts by whom he had shown that it was practical to cement the sides and bottom of the canal, and if that had been done, or if the sides and bottom had otherwise been made impervious to water, the seepage and consequent damage would have been avoided, would not such evidence have been competent upon the question of whether the seepage could have been avoided in the first place, or arrested afterwards? Respondent was, however, not limited to the foregoing methods of proving these elements. If he proved that the canal was actually cemented, and immediately thereafter the seepage ceased, then we think he at least proved the facts from which the jury had the right to infer that there was a feasible and practical method which, if it had been applied when the canal was widened, would have avoided the seepage and consequent damage. While the evidence, therefore, was not proper to show antecedent negligence, it was nevertheless proper for the purposes just indicated. If counsel desired to present the question of the admission of the evidence for review to this court, they could have done so by requesting the court to charge the jury that, while they could consider the evidence for the purpose above stated, yet they could not consider it for the purpose of proving negligence on the part of appellant. If the court had refused to so limit the evidence, counsel could have excepted to such refusal, and then have presented the question upon the exception for review. Counsel did not do this, but they predicate error upon the broad ground that the evidence was not admissible for any purpose. This, as we have pointed out,

is not tenable, since the evidence was admissible for some purpose. While the opinion written by Mr. Justice Zane in *Jenkins v. Hooper, supra,* seems open to the construction that subsequent alterations and repairs might be shown for the purpose of proving negligence, yet when the facts of that case are carefully considered, the evidence there admitted was admissible for the same reasons that it was admissible in this case.

It is also contended that the court erred in admitting evidence respecting the injury to the growing trees and alfalfa. That evidence was admitted only for the purpose of showing the extent of the injury, and the court charged the jury upon the measure of damages just as appellant's counsel insisted should be done, namely, that respondent could recover only for the diminution, if any, of the value of his land. No complaint is made of that charge. It is manifest, however, from the amount of damages found by the jury, that they could not have been misled by anything that was either said or omitted with respect to the amount of damages that might be allowed. Under respondent's evidence the jury could have allowed a much larger sum than they did.

The contention that the action was barred by our statute of limitations is clearly untenable, and requires no special consideration.

We find no reversible error in the record, and the judgment therefore should be, and it accordingly is, affirmed, with costs.

McCARTY, C. J., and STRAUP, J., concur.