# WEST UNION CANAL CO. v. PROVO BENCH CANAL & IRRIGATION CO. et al.

No. 7190.　Decided August 11, 1949.　(208 P. 2d 1119.)

See 67 C. J., Waters, sec. 1048.　Water, liability of owner for negligent keeping of, see note, 109 A. L. R. 413.　See, also, 38 Am. Jur. 799.

Rehearing denied December 29, 1949.

*Chirstenson & Christenson,* Provo, for appellant.

*J. C. Halbersleben,* Provo, for respondent.

WADE, Justice.

Plaintiff, the West Union Canal Company, respondent herein, owns and operates the West Union Canal which diverts water from the Provo River near the mouth of Provo Canyon and runs in a southwesterly direction on low ground near the river until it crosses U. S. Highway 91 north of Provo, then makes a gradual turn to the northwest across 20th South and Main Streets in Orem, just north and east of the intersection of those streets. This intersection is known as Davis Corner. About a half mile to the northwest the water is lowered about 20 feet into Skinner Hollow. Prior to the washout involved in this action, there was a concrete intake at the top of the hill into a concrete pipe which joined into a corrugated metal pipe. During the night of May 27th and the morning of the 28th, 1946, the ground on which the pipe was based was washed out from under it, allowing the pipe to fall into the hollow.

The court dismissed the action as to all defendants except the Provo Bench Canal & Irrigation Company and it only appeals. That company is a corporation which operates the Provo Bench Canal. It diverts water a short distance above the diversion point of the plaintiff's canal from the Provo River and carries it in a large canal for about two miles in a westerly direction on higher ground than plaintiff's canal onto the Provo Bench in Orem where it divides into a number of branch ditches or laterals. The lateral farthest east and south is known as the Southeast Ditch. It runs in a southwesterly direction on higher ground and about parallel with plaintiff's canal from the end of the Provo Bench Canal until it crosses U. S. Highway 91, where it divides into

two branches one going to the northwest and the other going almost in a due westerly direction. This south branch ends at the east side of a farm owned by a Mr. Christensen which is on the east side of Main Street in Orem, northeast of where plaintiff's canal crosses that street, and of the Davis Corner. There are other small branches of the Southeast Ditch running in a southerly direction and ending in fields near to and on higher ground that plaintiff's canal. At the end of the south branch of the Southeast Ditch as it enters the east side of the Christensen farm, it branches into smaller irrigation ditches which are owned by him and which he uses to irrigate his farm, one of which continues in a westerly direction across his farm and opens into the east side of Main Street about a quarter of a mile north of where plaintiff's canal crosses that street and about a mile and a half from the end of the main Provo Bench Canal. The following is a rough sketch copied from one used at the trial, not drawn to scale but shows generally the relative postions of these canals, ditches and places involved in this action.

The washout at Skinner Hollow was discovered early in the morning of May 28, 1946. At that time north of the

bridge across plaintiff's canal at Main Street which is about one-half mile upstream from the washout, a stream of water was running from the end of Christensen's ditch which opens into the east side of Main Street, and also from his field south of that ditch into the east side of that street. This stream had washed a zigzag channel from one side to the other on Main Street for a distance of from 15 to 25 rods north of and down to the north side of the bridge where it ran onto the bridge and most of it empties into plaintiff's canal on the west side of the bridge, but a small stream continued across the bridge to the south and on down the street. Large ruts were washed in the surface of the street north of the bridge making it almost impassable, and the water had carried the sand and gravel therefrom into plaintiff's canal thereby filling the canal to a depth of about one foot immediately west of the bridge, the fill continued downstream for a distance of from 150 to 200 feet constantly diminishing in depth.

Plaintiff claims that the defendant negligently allowed the water from the Southeast Ditch to run into Main Street and to wash sand, gravel, rubbish and debris into its canal and to greatly increase the quantity of water flowing therein, thereby causing the canal to fill up at the bridge and to break at the pipe intake at Skinner Hollow. The court found in favor of plaintiff and awarded damages covering the break at Skinner Hollow and the filling of its canal below the Main Street Bridge in a total sum of $699.25. Defendant appeals from this judgment contending that the court erred for two reasons: 1. That the evidence is not sufficient to justify a finding that the water from the Southeast Ditch caused the break at Skinner Hollow. 2. That under the facts here disclosed defendant did not violate any duty which it owed plaintiff.

After a careful study of the record we have concluded that the evidence is sufficient to sustain the finding of the court that the water which entered plaintiff's

canal at Main Street which came from the Southeast ditch caused the filling in of plaintiff's ditch and the break thereof at Skinner Hollow.

Under these facts was defendant liable to plaintiff for such damages? In this state an irrigation company is not an insurer against damages caused to others by its water but is only liable for its negligence. *Mackay* v. *Breeze,* 72 Utah 305, 269 P. 1026; *Chipman* v. *American Fork City,* 46 Utah 134, 148 P. 1103; *Jensen* v. *Davis and Weber Canal Co.,* 44 Utah 10, 137 P. 635; *Wilkinson* v. *State,* 42 Utah 583, 134 P. 626; *Belnap* v. *Widdison,* 32 Utah 246, 90 P. 393; *Lisonbee* v. *Monroe Irrigation Co.,* 18 Utah 343, 54 P. 1009, 72 Am. St. Rep. 784; *North Point Consolidated Irrigation Co.* v. *Utah & Salt Lake Canal Co.,* 16 Utah 246, 52 P. 160, 168, 40 L. R. A. 851, 67 Am. St. Rep. 607; *Jordan* v. *City of Mount Pleasant,* 15 Utah 449, 49 P. 746; *Jenkins* v. *Hooper,* 13 Utah 100, 44 P. 828, 829.

In those cases the defendants conceded that they were responsible for the construction of the ditch or the waterworks in question or had control over the water which did the damage. Here defendant claims that it does not own or operate the Southeast ditch or have any right of control thereof or of the water which flows therein.

Defendant, however, concedes that it brings the water from the river to the head of the Southeast ditch and determines the amount of water which is turned into the ditch at its head and has control over the headgates both at the river and at the heads of the laterals. From the evidence it is clear that for 24 hours prior to the break the rainfall was unusually heavy and on that account there would be little or no use for irrigation water during the night in question. It is also uncontradicted that in the spring just before the water was turned into the ditches the plaintiff notified defendant at a meeting of its board of directors that in the past water had escaped from the Southeast ditch through the road at Main Street and into plaintiff's canal

thereby causing damage. On the morning before the break defendant reduced the stream in its canal from 139 or 189 c. f. s. to 64 c. f. s.

Under these circumstances defendant should have realized that to allow a substantial stream of water to continue to course into the Southeast ditch during that night is was apt to cause damage to plaintiff's canal as it did. It should have been clear that in such a night few, if any, persons would be using the water in that ditch and that if it was allowed to run to the end of the ditch it would eventually flow into the road at Christensen's farm and from there into the plaintiff's canal. Its failure to use reasonable care in properly regulating the flow of water into the Southeast ditch was therefore the proximate cause of plaintiff's damages.

The judgment of the trial court is affirmed and plaintiff shall recover its costs on this appeal.

PRATT, C. J., and LATIMER and McDONOUGH, JJ., concur.

WOLFE, Justice.

I concur with the following modification. I conclude not that the evidence is sufficient to sustain the finding of the court—in a law case we are concerned not with quantum of evidence—but on the ground that there is substantial competent evidence

"to sustain the finding of the court that the water which entered plaintiff's canal at Main Street, which came from the southeast ditch, caused the filling in of plaintiff's ditch and the break thereof at Skinner Hollow."