## CHARVOZ v. BONNEVILLE IRR. DIST.

No. 7442.  Decided September 25, 1951.  (235 P. 2d 780.)

See 67 C. J., Waters, sec. 1113.

*Dwight L. King, Rawlings, Wallace, Black & Roberts,* Salt Lake City, for appellant.

*Homer Holmgren,* Salt Lake City, for respondent.

HENRIOD, Justice.

This is an appeal from a judgment of the Davis County District Court entered on a no cause of action verdict. The judgment is reversed and the cause remanded for a new trial, each party to bear its own costs on appeal.

Plaintiff cites as error the giving and failure to give instructions hereinafter discussed.

Defendant has operated and maintained a cement canal, reinforced by earthen banks, since 1921. Water is pumped into the canal from a river below. A storm of unusual severity occured in 1947. A segment of the canal passing over a gulley, which latter was drained by a 3 foot pipe running under the canal, collapsed during the storm. Water from the canal, together with water rushing down the gulley, flowed onto plaintiff's farm, causing crop damage, basis for this suit. Plaintiff's witnesses testified that the earthen bank abutting the canal where the latter intersected the gulley, had been washed away by a flood three years earlier, leaving the cement side of the canal exposed, unreinforced, and weakened, and that rocks and debris in the canal backed the water up, concentrating a large volume at the claimed weak spot. Plaintiff cites as negligence defendant's failure to reinforce this portion of the canal, as well as failure to stop the pumps after commencement of the unusually heavy rainstorm. Defendant's witnesses flatly denied any exposure of the canal and testified that the pumps were stopped as soon as possible after the company learned of the unusually heavy rainfall. Defendant claimed the rainfall was an act of God, and that the damage would have resulted irrespective of the canal's collapse. The facts, controverted as they were, presented a jury question. The jury returned a 6 to 2 verdict of no cause of action.

It is conceded that the rain assumed cloudburst proportions, that the pumps were operated for at least some time after the advent of the cloudburst, that the canal collapsed, and that a large volume of water from the gulley joined forces with that flowing from the collapsed canal. The concurrence of the two effected the crop damage, in a proportion not made clear by the record.

Plaintiff claims error in the giving of certain instructions. Instruction No. 2 advised that if the storm were of

such unusual severity that it was not reasonably foreseeable, and that *it* was the *primary* cause of the flood and damage, the verdict must be for defendant and against plaintiff. Instruction No. 3 advised that if the damage was not caused by an unavoidable accident, defendant's negligence must be the *sole proximate cause* of the damage to establish liability.

These instructions do not state the law. Instruction No. 2 simply stated that if an act of God be the *primary* cause of damage, there can be no recovery, irrespective of negligence that may have concurred with it in producing an efficient cause of damage. It is well settled that one is accountable if his negligence concurs with an act of God or with the negligence of a stranger in effecting damage.[1] The argument that the words "primary cause" should be interpreted as meaning "sole cause" can have no merit since the word "primary" connotes the existence of plurality, while the word "sole" connotes the singular. That the court used the words "primary cause" advisedly, but erroneously, is reflected quite significantly in its use of the words "sole cause" in Instruction No. 3. Instruction No. 2 is not justified by the authorities, which uniformly proclaim that a defense to the claim of negligence can be asserted successfully only where the act of God is shown to be the *sole* proximate cause of the injury.[2] Instruction No. 3 is erroneous since it advises the jury that defendant is accountable only if its negligence was the *sole proximate cause* of the damage, completely ignoring the established doctrine that one

[2]*Chicago, R. I. & Pac. Ry. Co.* v. *Bahr,* 78 Okl. 78, 188 P. 1058; *Ryan Gulch Res. Co.* v. *Swartz,* 83 Colo. 225, 263 P. 728; See also 65 C. J. S., Negligence, § 115, page 704.

[1]*Caperon* v. *Tuttle,* 100 Utah 476, 116 P. 2d 402, 135 A. L. R. 1399; *Inland Power & Light Co.* v. *Grieger,* 9 Cir., 91 F. 2d 811, 112 A. L. R. 1075; *Oklahoma City* v. *Tarkington,* 178 Okl. 430, 63 P. 2d 689; *Heckaman* v. *Northern Pac. Ry.,* 93 Mont. 363, 20 P. 2d 258; *Raish* v. *Orchard Canal Co.,* 67 Mont. 140, 218 P. 655; *Bader* v. *Mills & Baker Co.,* 28 Wyo. 191, 201 P. 1012; See also: 33 Harvard Law Rev. 639.

may be liable if his negligence and an act of God unite and concur in proximately causing damage.

Counsel for defendant urges that there was no irregularity in the instructions mentioned, but that assuming there were such irregularity, it was cured by the following instruction given:

"5. The law does not mean that it seeks and recognizes only one proximate cause of an injury, consisting of only one factor, one act, one element of circumstance, or the conduct of only one person. To the contrary, the acts and omissions of two or more persons may work concurrently as the efficient causes of an injury, and in such case, each of the participating acts or omissions is recognized in law as a proximate cause."

Assuming that this instruction may be objectionable in a proper case, we cannot agree that it cured the quite erroneous instruction preceding it. The instruction lays particular emphasis on persons and makes no reference to an act of God. Such instruction, even if construed as one treating concurrency of causes, is inconsistent so completely as to substitute confusion for clarity, lend doubt as to where responsibility could or should be reposed, and adds to the error already committed. We believe the trial court erred in failing to give a proper and understandable instruction on concurring causes.

Another instruction which assertedly covered the matter of concurring causes had to do only with one or more items of negligence attributed to defendant referring nowhere to concurrence of such negligence with an act of God or the negligence of third persons. Such instruction has no bearing on our reasons assigned for reversal.

Plaintiff also complained that the following instruction given was erroneous:

"11. If you find that the canal was so constructed and maintained as to have the capacity and strength to carry the water placed in it by defendant on Aug. 5, 1948, and such additional water as would

:reach it by the *ordinary rainstorms*, then you must find against the plaintiff and for the defendant on all issues involving the construction and maintenance of said canal."

We believe this instruction also to be in error and in con-:flict with the prior decisions of this court and the authorities generally. We agree with the authorities cited by defendant to the effect that canal companies are held only to a duty of using ordinary care in preventing damage to others[3] and that such companies cannot be held liable unless guilty of negligence.[4] However, a standard of ordinary. *Frey Co.* v. *City of Milwaukee*, 147 Wis. 491, 133 N. W. 835, cited by defendant, disagrees with our conclusion, but we do not feel constrained to adopt the principle therein .asserted, in the light of the many authorities contra. To absolve canal companies from any liability for damage where caused by rainstorms more severe than an ordinary .rainstorm, would present an uncompensable hazard to prop- .erty owners whenever a heavy rain came, even though of frequent occurrence. It is a matter of reasonable foresee- .ability. If the storm or act of God is of such magnitude and severity as to be beyond the realm of reasonable fore- seeability and therefore beyond the ken of the traditional care and freedom from negligence is predicated on con- struction and maintenance of water systems capable of handling more water than is produced by an ordinary rain- storm.[5] In so holding, we admit that *Geuder, Paeschke &* reasonably prudent man, our authorities establish that negligence is simply non-existent and no liability attaches.

[3]*Jensen* v. *Davis & Weber Counties Canal Co.*, 44 Utah 10, 137 P. 635.

[4]*West Union Canal Co.* v. *Provo Bench Canal & Irr. Co.*, 116 Utah 128, 208 P. 2d 1119; *Wilkinson* v. *State*, 42 Utah 483, 134 P. 626. See also 169 A. L. R. 523.

[5]*Jordan* v. *City of Mt. Pleasant*, 15 Utah 449, 49 P. 746; *Lisonbee* v. *Monroe Irr. Co.*, 18 Utah 343, 54 P. 1009, 72 Am. St. Rep. 784; *Southern Pac. Co.* v. *City of Los Angeles*, 5 Cal. 2d 545, 55 P. 2d 847; :*Riddle* v. *Chicago, R. I. & P. Ry.*, 88 Kan. 248, 128 P. 195; *Heckaman* v. *Northern Pac. Ry. Co.*, supra.

The line that separates reasonable foreseeability from reasonable unforeseeability in some cases may be drawn faintly, but the line exists nevertheless in our system of jurisprudence. Whatever its infirmities, historically it has become the fairest yardstick in applying common sense principles to our everyday lives.

Defendant cites *Lyon* v. *Chicago, Mil. & St. Paul Ry. Co.*, 45 Mont. 33, 121 P. 886, for the proposition that only ordinary storms need be anticipated in constructing and maintaining water systems. We doubt that this case is authority for such a principle, but assuming that it is, it seems to have been modified or actually over-ruled in the later case of *Heckaman* v. *Northern Pac. Ry. Co.*, supra. We believe that careful analysis of the remaining authorities cited by defendant not only shows that they fail to do violence to the principles enunciated herein, but lend substance and accord thereto.

WOLFE, C. J., and WADE, McDONOUGH and CROCKETT, JJ., concur.