334 P.2d 755

BIG COTTONWOOD TANNER DITCH COMPANY, a corporation, and Little Cottonwood Tanner Ditch Company, a corporation, Plaintiffs and Appellants,

v.

HYLAND REALTY, INC., a Utah corporation, and Salt Lake County, a municipal corporation, Defendants and Respondents.

No. 8891.

Supreme Court of Utah.

Jan. 27, 1959.

Moffat, Iverson & Elggren, Salt Lake City, for appellants.

Frank E. Moss, County Atty., John L. Black, Asst. County Atty., Salt Lake City, for respondents.

HENRIOD, Justice.

Appeal from a declaratory judgment. Affirmed in part and reversed in part. No costs awarded.

Plaintiffs are irrigation companies furnishing water to agricultural consumers in Salt Lake County. Defendant Hyland Realty subdivided a parcel of farm land adjacent to and west of plaintiffs' canal for residential purposes. This called for an access road across the canal which was dedicated to, accepted and thereafter maintained by the County for the use of the public. In constructing the road, Hyland, unbeknownst to and without the consent of the plaintiffs, installed an iron "squash" type pipe in the canal and covered it with a road on the surface. The pipe was not as desirable as a concrete conduit with a flange intake which more effectively would have handled debris, withstood overhead pressure, lasted longer and which plaintiffs preferred.

Recent years have seen an upsurge in home building in the vicinity of the canal with a natural but marked increase in the amount of debris deposited therein, requiring employment of additional personnel to keep the canal clean and free from such debris. The adjacent lands progressively are experiencing a change from agricultural to residential use, with the ultimate result being, within the foreseeable future, a complete transition.

The trial court found the culvert adequate to carry any anticipated volume of water, that it met State Road Commission requirements for state highways, was sufficiently strong to withstand anticipated normal traffic, and that it created no unreasonable danger of becoming clogged with debris in the future, although it did increase the *possibility* of debris lodging against the intake of the pipe and clogging the ditch.

The court's Finding of Fact No. 6 was to the effect that once the County accepted the pipe and road, it had a "duty of ordinary care to see that the culvert does not become clogged with debris that got there through no fault of the plaintiffs." This really is not a finding but a conclusion of law and will be treated as such.

The conclusions of law, save as to the matter of costs, were identical to the provisions of the decree, which adjudged that 1) the culvert was adequate, 2) that plaintiffs had the duty of ordinary care to keep their ditch clean and free from debris, 3) that the installation of the culvert without plaintiffs' consent was no trespass, 4) that by installation of the pipe defendant could not increase the obligation or duty of plaintiffs to use ordinary care to keep the ditch clean and free of debris and 5) that any clogging of the culvert resulting from installation of the pipe, through no fault of plaintiffs, would not be the responsibility of plaintiffs.

The only assignment urged in plaintiffs' brief is that the court erred in concluding and decreeing that the installation of the

culvert without the plaintiffs' consent was no trespass. We agree with plaintiffs.

■ It is true that one owning land on both sides of or adjacent to a canal, the subject of an easement, has a right to cross the same as a means of ingress and egress.[1] But this does not mean he can exercise such right by either changing the course of the easement or by constructing facilities on or in the easement itself without the consent of the owner of the dominant tenement.[2] Reason for such rule would have been made apparent had Hyland Realty installed a pipe one-tenth the size it did. It is no answer to say that the pipe installed happened to be adequate. It is an answer, however, to say that at least there was a technical trespass here, although the damage, if any at all, appears to be slight and but nominal. The more technical the trespass the less the damage and vice versa. Nevertheless, except as may be necessary reasonably to bridge the stream, any interference with the corpus of the easement, an excavation carrying water, without the owner's consent, such as installing conduits, would be a trespass. Had Hyland built a bridge over the canal, without any unreasonable invasion of the area used to conduct the water, it would have been but a normal, reasonable exercise of a right of ingress and egress appurtenant to the servient tenement.

■ We affirm the trial court to the effect that: 1) plaintiffs have the duty of ordinary care to keep their ditch clean and free from debris. Such degree of care is determinable not in the light of circumstances existing a quarter century ago, but in the light of those extant today or tomorrow when an increased amount of debris has found and will find its way into the canal with the advent of intensified urbanization. The duty is to use ordinary care to keep the stream free of debris[3] though added expense may be encountered in the doing of it. Should the burden of exercising due care in keeping the stream free be insufficient to clear the stream, there is no question but that plaintiffs, to prevent an overload, would have recourse to the courts by way of injunctive relief or otherwise. Their right to have the water flow in their canal is as sacred as a freeholder's right against intrusion by trespassers. In this respect, any attempt by County officials to invade or interfere with plaintiffs' right in the easement, irrespective of the question of sovereign immunity, is subject to the injunctive process directed against those officials.[4]

1. Highway Com'rs v. Ely, 1884, 54 Mich. 173, 19 N.W. 940.
2. Thompson, Real Property, Sec. 584 et seq.; Bolton v. Murphy, 41 Utah 591, 127 P. 335.
3. Charvoz v. Bonneville Irr. Dist., 1951, 120 Utah 480, 235 P.2d 780; Jensen v. Davis, 1913, 44 Utah 10, 137 P. 635; Lisonbee v. Monroe Irr. Co., 1898, 18 Utah 343, 54 P. 1009.
4. Hjorth v. Whittenburg, 1952, 121 Utah 324, 241 P.2d 907.

We also affirm the trial court's judgment 2) that those installing the pipe could not increase plaintiffs' obligation of using ordinary care in keeping the canal free from debris. This conclusion is a natural corollary of the one above and the one rule would seem to be meaningless without the other.

The decree is also affirmed to the effect that 3) any clogging that may occur as a result of installing the pipe, through no fault of plaintiffs, will not be their responsibility. Such conclusion also is a corollary of the other two.

We do not conclude anything of a definitive nature with respect to Finding No. 6, which, as we have stated, is really a conclusion, unsupported by the decree. The decree, as is, sufficiently protects plaintiffs against the acts or omissions of others. If plaintiffs use ordinary care to keep the stream free from debris, the onus is not theirs to insure against the defalcations of others, nor to attend to the obligations of third parties with whom they are unconcerned.

A casual examination of Finding No. 6 will point up the possibility that any treatment thereof by us might be employed for or against defendant, depending upon what we might say, in a myriad of factually dissimilar situations not germane to this case, and by a multi-type variety of litigants not parties here. In the last analysis, plaintiffs are not concerned with anticipatory problems that might arise among others than themselves, so long as they exercise the degree of care mentioned here.

Finding of Fact No. 6 should be stricken, and Paragraph 3 of the Conclusions of Law and Paragraph 3 of the decree should be reversed, and it is so ordered.

WADE, WORTHEN and McDONOUGH, JJ., concur.

CROCKETT, Chief Justice.

I concur, believing however, that the judgment should be affirmed outright.

The servient estate through which the ditch passes owns all of the rights of every nature in the property, subject only to the right of the ditch owner to run its ditch through the property and certain rights reasonably necessary as incidents to the enjoyment of that easement.[1] The servient owner can therefore use its property in any way it desires except to interfere with the flow of the water in the ditch and privileges incident thereto. This includes crossing the ditch in any manner, or the building of a bridge or bridges so that it may put its property to the maximum use and in the most convenient manner. As I view the matter, this may be done, and there is no trespass, not even a technical one, unless there is some interference with the use of the easement.

1. Harvey v. Haight Bench Irr., 7 Utah 2d 58, 318 P.2d 343.

It appears to me that the evidence here justifies the refusal of the trial court to find any trespass.