EARL GREGORY, PLAINTIFF-RESPONDENT, v. CLIFTON LODER AND ALVA LODER, DEFENDANTS-APPELLANTS.

Submitted May 15, 1936—Decided June 4, 1936.

Before Justices BODINE and HEHER.

For the defendants-appellants, *I. William Aronsohn.*

For the plaintiff-respondent, *Abram A. Lebson.*

BODINE, J. Defendants appeal from a judgment recovered by the plaintiff by reason of injuries suffered when he fell down the cellar steps in defendants' house while visiting them.

"It has been held that one who comes on premises by express invitation to enjoy hospitality as a guest of the owner or occupant, or a guest who enters merely to receive a gratuitous favor from the owner or occupant, has only the rights of a licensee and must take the property as he finds it." 45 *Corp. Jur.* 794.

Mr. Justice Minturn, in writing the opinion of the Court of Errors and Appeals in the case of *Morril* v. *Morril,* 104 *N. J. L.* 561, quoted with approval the following language from the case of *Southcote* v. *Stanley,* 1 *H. & N.* 247 : "Where one visits the private home of another as a social guest the owner is bound to take the same care of him that he takes of himself, and the other members of his family, and no more."

We have examined the proofs in this case and can find nothing which justified the submission of the case to the jury. The circumstance that the stairs may not have been adequately lighted,. and that the stairs and sidewalls were of similar material, cannot alter the legal rule of duty towards licensees and such as come upon the premises to enjoy hospitality as a guest, which is to refrain from willfully or wantonly injuring them.  See *Fleckenstein* v. *Great Atlantic and Pacific Tea Co.,* 91 *N. J. L.* 145.  The rule stated in the case of *Crouse* v. *The Stacy Trent Co.,* 110 *Id.* 124, applies only to business visitors where, of course, the rule is different.  See, also *Feingold* v. *S. S. Kresge Co.,* 116 *Id.* 146.

We need not consider the other matters presented by appellant.

Judgment is reversed.