**299 P.2d 124**

Mamie J. TEMPEST, Plaintiff and
Appellant,

v.

James K. RICHARDSON and Wilma L. Rich-
ardson, his wife, Defendants and
Respondents.

No. 8466.

Supreme Court of Utah.
July 7, 1956.

Gustin, Richards & Mattsson, Salt Lake
City, for appellant.

Albert R. Bowen, C. Preston Allen, Salt
Lake City, for respondents.

WADE, Justice.

This is an appeal by Mamie J. Tempest,
plaintiff below and appellant herein, from
a summary judgment based on the plead-
ings and her deposition, in favor of de-
fendants James K. and Wilma L. Richard-
son, respondents herein.

Appellant had filed suit to recover for injuries received by falling down a staircase leading to the basement while a guest in respondents' home. The complaint alleged that appellant sustained her injuries upon following the instructions of Wilma L. Richardson as to the location of the bathroom she was seeking, which caused her by mistake to open a door which led to the basement and stepping through that door when she thought she was stepping into the bathroom. The complaint further alleged that the "door to which plaintiff's attention was directed was constructed and maintained in a negligent manner creating a hidden trap unknown to plaintiff but known to the defendants and except for the negligence of the defendants the plaintiff would not have opened said door and fallen down said stairway."

Appellant's deposition disclosed that although she had visited the Richardsons' home on a few prior occasions she was not familiar with its layout. On the night the accident happened she had gone into the kitchen with the hostess after dinner had been served and started across a utility room which was contiguous to the kitchen saying she was going to the bathroom. Her hostess called out there was a light on in the bathroom. Appellant saw a light in a room in a hall running off the utility room but when she looked in through the door of that room she saw it was a den or a bedroom and decided that a closed door a few steps beyond the den must be the bathroom and proceeded thereto, opened it and stepped in, intending to turn on a light. The stairway was constructed without a landing and the door opened inwardly, and as she stepped in she fell down the stairs. The bathroom was actually recessed in the utility room just off from the kitchen and before the hall was reached. As she never saw the bathroom, appellant does not know whether it was lighted.

Appellant concedes that as a social guest she had the status of a licensee in the home of respondents, but contends that the court erred in granting the summary judgment in their favor upon the pleadings and the facts disclosed in appellant's deposition because no warning was given to appellant, when she announced she was going to the bathroom, of a dangerous condition in their home, that is that a door which opened inwardly lead to a stairway constructed without a landing. That the failure to warn under these circumstances constituted negligence because respondents owed appellant a duty to "use reasonable care not to injure her through any act of negligence on their part and to warn her of dangerous conditions which they knew but which they could not reasonably assume that she knew or by a reasonable use of her faculties could observe. In support of this contention appellant quotes the following from Restatement of the Law of Torts, Sec. 342, page 392:

"Dangerous Conditions Known to Possessor.

"A possessor of land is subject to liability for bodily harm caused to gratuitous licensees by a natural or artificial condition thereon if, but only if, he

"(a) knows of the condition and realizes that it involves an unreasonable risk to them and has reason to believe that they will not discover the condition or realize the risk, and

"(b) invites or permits them to enter or remain upon the land, without exercising reasonable care

"(i) to make the condition reasonably safe, or

"(ii) to warn them of the condition and risk involved."

Appellant's contention assumes that the maintenance of respondent's cellar in the manner in which it was constructed constituted an unreasonable risk to her as a licensee on their premises and that she would not discover the condition or realize the risk and therefore she should have been warned of this dangerous condition.

In Comments to Sec. 342, Restatement of the Law of Torts, page 396, it is stated:

"f. A possessor of land who permits gratuitous licensees to enter thereon, is subject to liability for bodily harm caused to them by the dangerous state in which he permits a natural or arti-ficial condition to remain, if, but only if, he not only knows of the condition but also realizes it involves an unreasonable risk of causing bodily harm to the particular licensee harmed thereby. In determining whether the possessor should realize that a known condition involves not only a risk but an unreasonable risk, the character of the invitation or permission is important. A condition, no matter how dangerous to those who come in contact with it, can involve risk to a particular licensee only if he may be expected to encounter it in the exercise of his license * * *."

Appellant was a social guest, invited for dinner. As such it was not likely that she would be expected to encounter the stairs even if, and we do not so hold, they could be reasonably considered as so defectively constructed as to amount to a trap or pitfall so as to entitle her to a warning of possible danger to her. Appellant had been in respondents' home on a few prior occasions. Although she was not well acquainted with the home, when she started for the bathroom she did not inquire for directions but announced she was going there and was told the light was on in that room. Under such circumstances it would be unreasonable to expect the hosts to anticipate that their guest would open a door not connected with and some distance from the bathroom and step into an un-

lighted or dark area. Had appellant exercised ordinary and reasonable care for her own safety she would not have opened a door and stepped into a dark and unlighted area with which she was unacquainted, without first ascertaining what was beyond the door even though she had not been told that the room to which she was going was lighted. Respondents did nothing to injure their guest. When appellant accepted respondents' hospitality she accepted the conditions ordinarily prevalent in their home and cannot be heard to complain about the manner in which they constructed their home. It is general knowledge that a great many homes have rooms on different levels which are reached by stairways and to build a stairway with a door opening forward is not a trap or pitfall. See Hertz v. Advertiser Co., 201 Ala. 416, 78 So. 794, L.R.A.1918F, 137. See also annotation in 25 A.L.R.2d on Liability for injury to guest in home or similar premises, Sec. 2, page 600, Biggs v. Bear, 320 Ill.App. 597, 51 N.E.2d 799, where the facts were similar to those in the instant case; Gregory v. Loder, 116 N.J.L. 451, 185 A. 360 and Aragona v. Parrella, 325 Mass. 583, 91 N.E.2d 778.

From what we have said it follows that the court did not err in granting the summary judgment in favor of respondents because appellant's own deposition establishes that respondents did no act which could be reasonably found to have actively contrib-uted towards her injury, but that on the contrary appellant's own act in failing to pay attention to the information vouchsafed that the bathroom was lighted and in spite of that informatian entering a darkened area without first observing whether it was safe to do so was a failure on her part to exercise reasonable care to discover and avoid any danger to herself.

Affirmed. Costs to respondents.

McDONOUGH, C. J., and CROCKETT, HENRIOD, and WORTHEN, JJ., concur.