333 P.2d 630

Eliza Rue WOOD, Plaintiff and Appellant,

v.

Theo N. WOOD and Ruth L. Wood,
Defendants and Respondents.

No. 8886.

Supreme Court of Utah.

Jan. 2, 1959.

Evans & Neslen, M. Ralph Shaffer, Salt Lake City, for appellant.

Ray, Quinney & Nebeker, C. Preston Allen, Salt Lake City, for respondents.

CROCKETT, Justice.

Eliza Rue Wood sued her son, Theo N. Wood, and his wife, Ruth L. Wood, to recover for injuries she received from falling down a stairwell in the garage portion of their home. The trial court directed a verdict against her, from which she appeals.

On the morning of October 15, 1956, plaintiff talked to her daughter-in-law, Ruth, concerning wedding plans of their granddaughter and niece. Plaintiff said she would call at defendants' home that evening to pick up some wedding invitations. Ruth mentioned that if there were no lights in the front part of the house, they would be in the "den" at the rear watching television. When plaintiff and her husband came that evening, they parked in the driveway in front of the double garage portion of defendants' house and turned off the headlights. The garage door nearest the house was open and a car was parked in that stall. The only light visible was a faint light showing from the right side of the rear of the garage, coming from around the door of the den. There was a space of about six feet between the right side of the car and the wall of the house proper. Of this some 4½ feet was occupied by an unprotected stairwell. Plaintiff entered the dark garage and proceeded along the right side of the car toward the light. But instead of continuing between the car and the stairwell, after entering a few steps, she apparently turned slightly to her right and attempted to go diagonally toward the door of the den, and tumbled into the stairwell.

The home was a new one plaintiff's son and family had moved into some months before. She had visited there and on one occasion ten months earlier, during an inspection tour of the house had seen and used the stairwell. After the accident she was asked if she did not remember about the stairwell. Her reply was that she did but had temporarily forgotten it because her mind was occupied by the wedding plans. Plaintiff concedes that there were safe alternate routes into the house. One of these was a short and direct route by the walk to the front door, and the other was a path around the back of the garage to the rear of the house. Both were unlighted.

It is somewhat doubtful whether a prima facie case of negligence is made out against the defendants. Plaintiff's status as a guest-licensee is not disputed. Accordingly, defendants' duty toward her was limited to refraining from willful injuries [1] and from permitting conditions to exist

1. Sanders v. Brown, 73 Ariz. 116, 238 P.2d 941.

which might be considered as traps.[2] With respect to known dangerous conditions defendants' duty is properly stated in the Restatement of Torts, Sec. 342, page 392:

"A possessor of land is subject to liability for bodily harm caused to gratuitous licensees by a natural or artificial condition thereon if, but only if, he

"(a) knows of the condition and realizes that it involves an unreasonable risk to them and has reason to believe that they will not discover the condition or realize the risk, and

"(b) invites or permits them to enter or remain upon the land, without exercising reasonable care

"(i) to make the condition reasonably safe, or

"(ii) to warn them of the condition and the risk involved."

In applying the law to the facts here, the plaintiff is entitled to the most favorable view of the evidence because the motion to dismiss was granted against her.[3] Her argument is that Ruth's suggestion in the telephone conversation that they might be in the den should have caused her to apprehend that plaintiff would enter through the garage, and that Ruth should have warned her concerning the stairwell.

The facts militate against this: plaintiff already knew of the existence of the stairwell. She herself says that on the occasion she was taken down the stairs mention was made of the necessity of a protective railing. Ruth's statement that perhaps they would be in the "den" was evidently so plaintiff would not assume they were not home if the house were unlighted. It would seem to require the placing of a wishful interpretation upon this circumstance to regard it as an invitation to enter through the garage.

What constitutes negligence is to be determined upon the basis of whether persons of ordinary prudence and using due care ought reasonably to foresee the likelihood of danger to others. Inasmuch as plaintiff had entered by the front door on previous visits, it is at least doubtful that the standard of reasonable care would impose the duty on Ruth to foresee that the plaintiff would enter through the garage, and therefore be required to warn her. This is especially true where there was another safe and convenient way to enter the house. It is the position of the defense that plaintiff's entering as she did was a mere happenstance, rather than something that should reasonably have been anticipated and guarded against.

The other aspect of plaintiff's claim of negligence against defendants is their fail-

2. McHenry v. Howells, 201 Or. 697, 272 P.2d 210.

3. Stickle v. Union Pacific R. Co., 122 Utah 477, 251 P.2d 867.

ure to construct a protective railing along the stairwell as they had stated would be done. Since no specific date was mentioned, no positive reliance could have been established in the plaintiff's mind. If such duty devolved upon defendants, there was an equal, if not greater duty placed upon plaintiff to ascertain whether it had been done before venturing into the vicinity of the darkened stairwell. This latter observation relates to and leads us into a consideration of the question of plaintiff's contributory negligence. We have discussed the contentions as to defendants' primary negligence merely to indicate our doubts as to its existence. But it is unnecessary to resolve the issue as to whether a jury question existed in that regard because of the view we take of contributory negligence. It supports the trial court's direction of a verdict against the plaintiff, as will presently appear.

 Plaintiff says that although she had prior knowledge of the stairwell she should not be charged with negligence as a matter of law for walking into the open stairwell because in the darkness it was a hidden danger in the area where she might reasonably be expected to enter the house because of the implied invitation; and justifies her failure to beware of it by the facts that her mind was preoccupied by the wedding plans and that it had been ten months since she had seen it. In that regard she is confronted with a dilemma: she either had in mind the existence of the stairwell, or she did not. If she did, she was obliged to guard against the known hazard; if she did not, she is met with the principle recently affirmed by this court in the case of Tempest v. Richardson:[4] that such a guest could not enter heedlessly into the darkness in an unknown area and then complain of dangers there encountered.

In the Tempest case, the plaintiff, a guest in the defendants' home, was directed to the defendants' "lighted" bathroom by her hostess. She proceeded down the hallway further than the hostess expected her to go, and mistook another door for that of the bathroom. She opened it away from her and the space ahead was dark; she stepped forward without looking, intending to turn on the light and fell down a stairway. Summary judgment against her was affirmed on the ground of her contributory negligence:

"Had [plaintiff] exercised ordinary and reasonable care for her own safety she would not have opened a door and stepped into a dark and unlighted area with which she was unacquainted without first ascertaining what was beyond the door."[5]

Plaintiff here endeavors to distinguish the two cases on the ground that the danger

4. 5 Utah 2d 174, 299 P.2d 124.

5. 5 Utah 2d at page 177, 299 P.2d at page 126.

was greater here and that her entry into its proximity was more foreseeable to defendants than Mrs. Tempest's mishap in mistaking the basement door for that of the bathroom. From our discussion above it should be apparent that we see no decisive distinction.

Affirmed. Costs to defendants (respondents).

McDONOUGH, C. J., and WADE, WORTHEN and HENRIOD, JJ., concur.