355 P.2d 973

James R. HENRY, Plaintiff and Appellant,

v.

**WASHIKI CLUB INCORPORATED,**
Defendant and Respondent.

No. 9249.

Supreme Court of Utah.

Oct. 17, 1960.

Pete N. Vlahos and David S. Kunz, Ogden, for appellant.

Moreton, Christensen & Christensen, Salt Lake City, for respondent.

CROCKETT, Chief Justice.

Plaintiff sued to recover for injuries sustained when he fell down a stairwell while looking for a restroom in a back room of defendant's tavern. From a summary judgment against him, he appeals.

On the evening of April 24, 1959, the plaintiff had been with a group of friends eating, drinking, and dancing in several places in Ogden, winding up in the defendant's tavern where the accident referred

to occurred. Plaintiff admitted that he had had at least five whiskey highballs during the course of the evening. He had been in this tavern only once before and did not know where the men's restroom was. Instead of inquiring, or observing at the north end of the tavern where the restrooms were, he went to the south end of the tavern proper, through some swinging doors into a room which he said was so dark that he could hardly see at all, and groped his way along for about 25 feet, through another door, and fell down a stairway.

█ We recognize the validity of the plaintiff's argument that doubts should be resolved in favor of permitting one who has a grievance to present his claim to a court or jury, and that a summary judgment, which deprives him of that privilege, should be granted with reluctance. However, it does have a useful and salutary purpose. When the evidence as contended by the plaintiff, and every reasonable inference that fairly could be drawn therefrom, are considered in the light most favorable to him, and it nevertheless appears that he could establish no right to recovery, the motion should be granted to save the time, trouble and expense involved in a trial.

█ The defendant had provided restrooms at the other end of the tavern, which were labeled with neon lights. Although not visible to the plaintiff where he sat, they were easily discoverable either by reasonable observation or inquiry. On the other hand, there was nothing about the darkened room which in any way suggested that a restroom might be there or which could be construed as an invitation for him to enter. Under such circumstances the trial court was justified in granting summary judgment against him. See the following cases recently decided by this court: Wood v. Wood, 8 Utah 2d 279, 333 P.2d 630; Tempest v. Richardson, 5 Utah 2d 174, 299 P.2d 124; Morris v. Farnsworth, 123 Utah 289, 259 P.2d 297.

Affirmed. Costs to defendant (respondent).

WADE, HENRIOD, McDONOUGH and CALLISTER, JJ., concur.