361 P.2d 522

**Welby AAGARD, Plaintiff and Appellant,**

**v.**

**DAYTON & MILLER RED-E-MIX CON-CRETE COMPANY, and Thomas Charles Cook, Defendants and Respondents.**

**No. 9373.**

Supreme Court of Utah.

May 3, 1961.

King & Hughes, Salt Lake City, for appellant.

Hanson, Baldwin & Allen, Robert W. Brandt, Salt Lake City, for respondents.

CROCKETT, Justice.

Plaintiff's large double-decked truck loaded with 100 sheep and defendant company's

Red-E-Mix concrete truck sideswiped each other as they passed near a narrow underpass in Weber Canyon on U. S. Highway 30, about two miles west of Devil's Slide, Utah. As might be expected, each driver claims that he was on his right side of the highway. After hearing the evidence the trial court found that, "The evidence is equally balanced as to which of the parties was negligent." Plaintiff appeals, attacking the findings and judgment as being against the evidence.

■ Even if the plaintiff is correct in arguing that certain aspects of the evidence tend to favor his claim that his driver was in the right, that is not enough to justify upsetting the judgment. As plaintiff he had the burden of proving his right to recover by a preponderance of the evidence. The trial court, having refused to so find, cannot be overruled unless upon a consideration of the whole evidence in the light most favorable to the defendant, it nevertheless establishes plaintiff's right to recovery in such a clear, credible and persuasive manner that reasonable minds could not find otherwise.

Plaintiff's sheep truck was traveling westerly down the canyon; and defendant's cement truck was traveling easterly up it, although the road from both directions is slightly downgrade approaching the underpass. Plaintiff's driver, Clifford Bloomquist, testified that as he neared the underpass he saw the cement truck coming about 200 feet away, astride the center line, but that as it came on it appeared to be moving back toward its side of the highway; while the defendant, Thomas Cook, driver of the cement truck, admits that the sheep truck appeared to be on its own side when he first observed it, and does not claim to have seen it over the center line. He said he realized the trucks were going to be close as they passed but did not expect any collision.

The truck were not afoul each other as their front portions passed. The defendant's rear view mirror, which extends just beyond the width of the cement truck on the driver's side, was not touched. But the trucks apparently came closer together as they continued passing each other because from about half way back the paint on the cement truck was scraped by the rack of the sheep truck. Unfortunately, this so damaged the latter that the upper deck of sheep fell on the lower deck, resulting in injuries and suffocation which destroyed 17 of the sheep.

■ Plaintiff makes the argument that inasmuch as Mr. Cook is a party defendant, the facts must be found as reflected by the aspects of his testimony most strongly against the interests of the defendants; and that as his driver, Mr. Bloomquist, was not a party, his evidence insofar as it is not contradicted must be taken as true. This argument is not sound. It fails to make sufficient

**36**

allowance for the privilege of the trial court as the trier of the facts. While it is true that he may not arbitrarily disregard competent, credible and uncontradicted testimony, it is his prerogative to determine the weight to be given the testimony of witnesses and wherever there is any circumstance which reasonably provides a basis for refusing to find in accordance with a witness's testimony, he may do so.[1] One element which may be so considered is the interest of the witness. And this is not limited to parties. In discussing this rule, we have heretofore said it "is not limited to where the witnesses are actual parties or have a direct pecuniary interest, but in addition [applies] where the witnesses * * * have an interest by way of vindicating the propriety of their conduct."[2] The testimony of plaintiff's truckdriver, Mr. Bloomquist, is particularly vulnerable in this respect because he was at fault in causing the accident if the rack of his truck was over the center line.

In addition to his interest, there are other aspects of Mr. Bloomquist's testimony which the trial court could reasonably regard as weakening it and which would justify his refusal to accept at full face value his contention that he was not at fault. For example, he said that he saw the cement truck encroaching on his lane as it ap-proached about 200 feet away; and that he apprehended the possibility of a collision, yet he admits that he made no effort to apply his brakes or move to the right to avoid it. Furthermore, there was a substantial difference in his description of the location of the accident with respect to the underpass as given to the investigating patrolman at the scene and that given at the trial.

The plaintiff's evidence being fraught with these frailties, it cannot be said with any assurance that all reasonable minds would have found in his favor; nor that the trial court was arbitrary or unreasonable in refusing to believe that he had established his right to recover by a preponderance of the evidence. He appears to have concluded that this was a situation where two road behemoths of the type that often crowd other cars over center lines tried it on each other, resulting in this accident in which neither should be held liable to the other. We see no basis in the record which would compel us to disagree.

The judgment is affirmed. Costs to defendants (respondents).

WADE, C. J., and McDONOUGH and CALLISTER, JJ., concur.

HENRIOD, J., concurs in the result.

1. Page v. Federal Security Insurance Co., 8 Utah 2d 226, 332 P.2d 666, 669.

2. In re Richard's Estate, 5 Utah 2d 106, 297 P.2d 542, 547.