395 P.2d 918

Michael A. WHITMAN, Plaintiff and Appellant,

v.

W. T. GRANT COMPANY, a corporation, Defendant and Respondent.

No. 10019.

Supreme Court of Utah.

Oct. 23, 1964.

Barton & Klemm, Hanson & Baldwin, Salt Lake City, for appellant.

Skeen, Worsley, Snow & Christensen, Salt Lake City, for respondent.

CROCKETT, Justice.

Michael A. Whitman sued to recover for personal injuries suffered in falling down an elevator shaft in the defendant's department store in downtown Salt Lake City.. The court granted the defendant's motion for summary judgment on the ground that the plaintiff's own statement in his deposition shows that he was contributorily negligent in causing his injuries. Rule 56 U.R.C.P. He appeals contesting that ruling, and we are obliged to consider the evidence in the light most favorable to him.[1]

Plaintiff is a truck driver for Ringsby Truck Lines, Inc. At about 10:20 a. m. on April 10, 1962, he backed his truck into an alley in the rear of the defendant's store and delivered merchandise which was accepted by the receiving clerk. Because part of the delivery was C. O. D., he rode on the

1. Richards v. Anderson, 9 Utah 2d 17, 337 P.2d 59.

freight elevator to the second floor and got his money. Inasmuch as there was still merchandise in the elevator when he returned, the clerk showed him where the stairway was and told him to "go downstairs and out the door." He proceeded down a flight of stairs to a halfway level, turned left down the remainder of the stairs, and continued to his left to the first door he saw. There was no sign on the door, and nothing to indicate that it was an elevator opening, except that it was actually a pair of double doors. Plaintiff states that he did not notice this latter fact but that it appeared to be an ordinary door with an ordinary door handle.

The critical part of the plaintiff's statement upon which the trial court granted summary judgment is:

"A. There was a door on my left, and my truck was out to my left, and I knew that was more or less the way to get to my truck. So I just opened the door, and I more or less turned, I guess you could say, a three-quarter turn to close the door behind me. I was reaching behind me, and I just closed the door behind me and stepped off * * *.

* * * * * *

"Q. And not looking in the direction you were stepping?

"A. Very definitely, sir."

The plaintiff is confronted with the basic proposition that when there is a hazard which is plainly visible, ordinarily one is charged with the duty of seeing and avoiding it. And if he fails to do so, it is concluded that he was negligent either in failing to look, or in failing to heed what he saw.[2] In so saying here we have not lost sight of certain principles which we recognize as modifying this rule under proper circumstances, but which upon application to the facts here shown do not bring about the result contended for by the plaintiff. The first of these is that in applying the universally accepted standard of care: that of the ordinary, reasonable and prudent man under the circumstances, the term "ordinary" should be given its true meaning by not requiring the conduct of an extraordinarily careful person. Such an "ordinary" man is not necessarily a supercautious individual devoid of human frailties and constantly preoccupied with the idea that danger may be lurking in every direction about him at any time.[3] We appreciate that to require such constant apprehension of danger from every possible source would indeed be beyond normal conduct and would be too exacting a standard.[4] The trial court's ruling here does not impress us as imposing upon the plaintiff any such unreasonable standard of care.

---

2. Ibid., 9 Utah 2d at 22, 337 P.2d at 61.
3. See statement in Public Service Co. of New Hampshire v. Elliott, 1 Cir., 123 F.2d 2, p. 7.

4. Cf. Durrant v. Pelton, 16 Utah 2d 7, 394 P.2d 879 (1964).

In order to justify holding that a jury question as to negligence exists, where injury has resulted from an observable hazard, it is essential that there be something which could be regarded as tending to distract the plaintiff's attention or to prevent him from seeing the danger, thus providing some reasonable basis for a finding that even though he exercised due care, he could be excused from seeing and avoiding it. For example, in the recent case of Campbell v. Safeway Stores, the plaintiff stumbled over a box in the aisle of the defendant's store which she ordinarily should have seen. However, she was a woman of somewhat advanced years, physically afflicted, with impaired eyesight, and most importantly, was preoccupied, as she reasonably could be expected to be, in searching the shelves for a certain item of food.[5]

We are unable to perceive the facts in the instant case as placing it within the class of cases just referred to. This was not a situation sometimes encountered where there were other possible dangers from different directions competing for plaintiff's attention. He does not contend, and there is nothing in the evidence from which it could be inferred, that there was something to preoccupy his mind or to distract his attention from his objective of finding his way out of the store. Absent any such factors, inasmuch as he was in unfamiliar surroundings, and was stepping through a door into an unknown area, there seems hardly room for difference of opinion as to where at least some of his attention should have been. He proceeded to open one door of what could not have appeared other than as a pair of doors. According to his own statement, he did this without taking a precautionary glance beyond it, but stepped off backward into the elevator shaft. He appears to have violated a sound and often echoed dictum which arises out of experience and common sense to "watch where you're going," when no excuse was shown for his failure to do so. Under those facts we are not persuaded that the trial court was in error in concluding that all reasonable minds would agree that the plaintiff failed to exercise the degree of caution for his own safety that an ordinary prudent person would have done under the circumstances.[6]

Affirmed. Costs to defendant (respondent).

HENRIOD, C. J., and McDONOUGH, CALLISTER, and WADE, JJ., concur.

5. 15 Utah 2d 113, 388 P.2d 409; see also Powell v. Vracin, 150 Cal.App.2d 454, 310 P.2d 27; Walgreen-Texas Co. v. Shivers, 137 Tex. 493, 154 S.W.2d 625; Hallbauer v. Zarfoss, 191 Pa.Super. 171, 156 A.2d 542.

6. See Tempest v. Richardson, 5 Utah 2d 174, 299 P.2d 124 (1956); and Wood v. Wood, 8 Utah 2d 279, 333 P.2d 630.