440 P.2d 886

**Richard A. LARSEN, Plaintiff and Appellant,**

v.

**LeGrand JOHNSON, dba LeGrand Johnson Construction Company, and LeGrand Johnson Company, Inc., a corporation, Defendant and Respondent.**

**No. 11063.**

Supreme Court of Utah.

May 7, 1968.

Richard Richards, of Froerer, Horowitz, Parker, Richards, Thornley & Critchlow, Ogden, for plaintiff and appellant.

F. Robert Bayle, Wallace R. Lauchnor, of Bayle, Hurd & Lauchnor, Salt Lake City, for defendant and respondent.

CROCKETT, Chief Justice:

Plaintiff seeks to reverse a summary judgment which rejected his claim for damages to his car and injury to himself when he ran into a road-construction barrier.

The incident occurred at about 2 a. m., August 24, 1966, when the plaintiff was

returning from Pocatello, Idaho to Ogden, Utah. He was driving southerly on Utah Highway 84 approaching an area near Tremonton where construction on the new interstate freeway was in progress. To keep traffic from entering the construction area, the defendant contractor had placed some barriers described as a "small A-frame-type-flasher-signal barricade" along what would be the east (plaintiff's left) side of the old highway, which was still being used as the traveled portion thereof. The plaintiff crossed over onto his wrong (the east) side of the highway and crashed into one of the barricades. The impact caused a sizeable rock, weighing 85 pounds, which the defendant had placed on the barricade as ballast, to be propelled along the hood of plaintiff's car and through the windshield, causing the damage and injury of which he complains.

■■ In order to avoid the effect of the rule that there is ordinarily no liability for damage which results from running into a barrier or other signal device which is lawfully placed and plainly visible,[1] the plaintiff asserts that there was an automobile coming from the south which went over onto its wrong (west) side of the highway, and that it was to avoid colliding with it that he went over to his wrong (east) side of the highway and collided with the barri-cade. Accepting the plaintiff's assertion as true, as we do on review of summary judgment against him,[2] this would raise a jury question as to his contributory negligence. But there remains the problem as to whether any negligence could be established on the part of the defendant.

■■ Plaintiff does not claim there was anything improper as to the size, shape or placement of the barricade, or as to its visibility. The contention which he does make, and which forms the critical issue in this case, is that, the defendant was negligent in placing on the barricade the rock referred to, which was precipitated into plaintiff's car. The defendant could be found guilty of negligence only if he was guilty of some act or omission which he ought to have foreseen was exposing others to an unreasonable risk of harm[3]. In seeking the answer as to whether he did so, it is well to have in mind that whenever a mishap has occurred which has injured someone, it is easy by the use of hindsight to see how it could have been avoided and to blame someone for its occurrence. But it is foresight and not hindsight by which we must analyze the situation to resolve the issue here involved. That is, we should blot out from our minds what impresses the writer as this somewhat freakish accident, and look at the situation as we think

---

1. See 25 Am.Jur., Highways, Sec. 482, p. 770.

2. Brandt v. Springville Banking Co., 10 Utah 2d 350, 353 P.2d 460.

3. See James, Nature of Negligence, 3 Utah Law Rev. 275; see also Hillyard v. Utah-By-Products Co., 1 Utah 2d 143, 263 P.2d 287.

it would appear to a reasonable and prudent person in the defendant's position.

Because of the construction on the new freeway adjacent to the highway, the defendant was under a duty to place some type of barrier and warning to keep motorists from going over onto the new construction. We agree with the plaintiff's contention that such a barrier should not be so constructed as to constitute a trap. Nor should it create any unnecessary hazard. Nevertheless, such a barrier would obviously have to be constructed of something substantial and durable. The defendant certainly was not obliged to make the barriers of papier-mache or some other unsubstantial material to protect from harm motorists who drive off the traveled highway and into them. Moreover, due to their likelihood of being blown over by the wind, and the hazards that would entail, the propriety of stabilizing them with some type of weight or ballast is not to be questioned.

In the light of what we have said above, we revert to the specific point of inquiry here: Under the circumstances shown, was the placement of the 85-pound rock on the barricade to stabilize it such an act that in the exercise of ordinary care the defendant should have foreseen that he was exposing the plaintiff and others similarly situated to an unreasonable risk of harm?

In insisting on an affirmative answer to that question the plaintiff is confronted with some difficulties. The first is that it is ordinarily not unreasonable to assume that drivers will keep their cars on the portion of the highway designated for travel; moreover, that they will keep on their own side of the highway and will not cross clear over the wrong side and into barriers erected for their protection. Further, if one were to conjecture about such a barricade being knocked over by a car, it would seem more likely that this would be done by a car coming from the south, and thus on its own side of the highway, more or less parallel to the barriers, in which instance the rock would simply fall with the barrier, rather than to conjecture that it would be knocked over by a car coming from the north, swerving over onto the wrong side of the road and into the barrier practically at right angles, and a low compact car at that, so that the rock would be precipitated over the hood and into the car.

It is our opinion that this accident, unfortunate and regrettable though it was in causing damage and injury to the plaintiff, was not one which, in any reasonable view of the situation, could be blamed upon any lack of due care by the defend-

ant. Accordingly, the trial court was justified in granting the summary judgment.[4]

Affirmed. Costs to defendant (respondent).

CALLISTER, TUCKETT and ELLETT, JJ., concur.

HENRIOD, Justice (dissenting).

I respectfully dissent, for the reason that I believe there was a genuine fact issue that transcended the summary judgment, triable by an arbiter thereof.

4. As to the salutary purpose of saving the time, trouble and expense of trial by granting summary judgment when even under the plaintiff's claims no right of recovery can be established, see Henry v. Washiki Club, Inc., 11 Utah 2d 138, 355 P.2d 973, and authorities therein cited; Tempest v. Richardson, 5 Utah 2d 174, 299 P.2d 124.