503 P.2d 139

**Maylon F. ERICKSON and Mrs. Maylon F. Erickson, Plaintiffs and Appellants,**

**v.**

**Sterling BENNION, Defendant and Respondent.**

No. 12617.

Supreme Court of Utah.

Nov. 9, 1972.

Cline, Jackson & Jackson, Joseph E. Jackson, Milford, for plaintiffs and appellants.

Eldon A. Eliason, Delta, for defendant and respondent.

CROCKETT, Justice:

Plaintiffs sought to recover damages caused to their home and property by irrigation water which flowed there after use by the defendant. After the presentation of the plaintiff's evidence, the defendant made a motion to dismiss. Upon consideration of the evidence, together with the depositions of the parties, the court, as the trier of the facts, made findings (as permitted by Rule 41(b), U.R.C.P.) against the plaintiffs, and entered judgment accordingly. Plaintiffs appeal.

Plaintiffs Erickson's farm home is located on the north side of the highway (Utah State Highway 26) east of the town of Delta. A short distance to the west (one property owned by a Mr. Cook intervenes) is the farm property of the defendant Bennion. The general and gentle slope is from west (Bennion) toward east (Erickson). Until recently any excess irrigation water from Bennion's property would flow eastward and into open field where it would do no damage and in any event any excess would flow into the barrow pit along the north side of the highway and on eastward past the Cook and Erickson properties.

Due to recent widening and improving of the Delta-Fillmore highway, and of a county road running northward therefrom along the east side of Bennion's lands, the drainage has been changed. It is shown that Bennion had built a levee or dike about the southeast corner of his property for the purpose of preventing the water from running south into the highway barrow pit, and retaining it on his land, whence it would drain eastward and through a culvert in the county road and into a field as it formerly had done. A further important fact is that near the Erickson home the latter (or his predecessor) had constructed a driveway by filling in the barrow pit, but had not placed a culvert therein, so that when the water flowed eastward in the barrow pit, the driveway acted as a dam and diverted the water into the Erickson property.

On the night of June 19, 1969, defendant Bennion had his water turn and began to irrigate his land as had been his practice for forty years. At about 5 a.m. on June 20 he checked the water and found it was just reaching the lower end (southeast corner) of his property and was filling up some tire tracks left in the dike by his tractor. In order to prevent water escaping to the south and into the highway barrow pit, he shoveled dirt on the dikes. He then went and turned off all of the water flowing into the south and east part of his land and returned to that area, where he spent several hours working to sustain the dike and prevent the water from flowing southward into the barrow pit and thus on eastward toward the plaintiffs. In spite of his efforts it continued to flow in that direction. But it was blocked by the culvertless driveway, flooded onto the Erickson property and under their house (no basement) and caused the damage complained of.

Inasmuch as our state is in the high and arid region of our country its agriculture has from the beginning depended to a great extent upon irrigation. Accordingly, we have considerable law which is concerned with rights in waters and the manner of their use. The legislature has recognized the dangers in the management of waters and has imposed a statutory duty upon users. Sec. 73–1–8, U.C.A.1953, provides:

> The owner of any ditch . . . or other watercourse *shall maintain the same in repair so as to prevent* waste of water or *damage to the property of others* . . .

Notwithstanding the mandatory sound of the emphasized words of that statute, it is our established law that users of irrigation waters are not insurers against damages they may cause. They are held only to the standard of care that is generally applied in tort law: that which persons of ordi-

nary intelligence and prudence would observe under the particular circumstances.[1]

It is to be conceded to the plaintiff that the degree of care increases in proportion to the hazards to be anticipated; and that because of the dangers inherent in the management of flowing waters, the concept of ordinary care and prudence under the particular circumstances requires that its management not be left to novices, but should only be entrusted to persons of some experience and skill in the management of such waters, who would have an awareness of the various hazards in the failure to properly control them and would therefore exercise the degree of foresight and precaution which people of such experience and skill would observe to avoid injury or damage to others and their property.[2] However, the foregoing concession does not help the plaintiff here because, as above indicated, Mr. Bennion had had 40 years of experience in irrigating his farm.

It is pertinent to note that in considering the evidence in this case the trial court had the benefit of the depositions of both the plaintiffs and the defendant which thus presented the facts as contended by the respective parties. On the basis thereof, and in the light of the applicable rules just discussed, the court made these findings: (1) that the plaintiffs had failed to prove that the defendant Bennion was in any way negligent, and (2) that it was the contributory negligence of the plaintiffs themselves in maintaining the driveway without any culvert which diverted the water into their property and caused their damage.

It is to be noted that the rule of review on appeal is different as to (1) above, where the trial court has refused to make a finding, as contrasted with (2) above, where the court has made an affirmative finding. As to the latter, the usually stated rule of appellate review applies: that this court will not upset the finding so long as there is any reasonable or substantial basis in the evidence to support it.[3]

On the other hand, as to (1) above, where the fact trier has not been convinced, and has refused to make a finding essential to the appellant's cause, this court will not reverse and compel such a finding unless the evidence is so clear and persuasive that all reasonable minds would necessarily so conclude. Conversely, if the evidence is such that reasonable men acting fairly thereon could remain unconvinced that negligence was proved, then

---

1. West Union Canal Co. v. Provo Bench Canal & Irrigation Co., 116 Utah 128, 208 P.2d 1119 (1); Jensen v. Davis & Weber Counties Canal Co., 44 Utah 10, 137 P. 635 (1913).

2. See Lisonbee v. Monroe Irr. Co., 18 Utah 343, 54 P. 1009 (1898).

3. Christensen v. Christensen, 9 Utah 2d 102, 339 P.2d 101.

this court will not reverse and rule as a matter of law that the defendant was negligent.[4]

 In order for the plaintiffs to succeed in upsetting the judgment they would have to prevail on both of the foregoing propositions. We do not find any basis for so concluding.

Affirmed. Costs to defendant (respondent).

CALLISTER, C. J., and TUCKETT, HENRIOD and ELLETT, JJ., concur.

4. Park v. Alta Ditch and Canal Co., 23 Utah 2d 86, 458 P.2d 625; Movie Films, Inc. v. First Security Bank of Utah, N.A., 22 Utah 2d 1, 447 P.2d 38; Aagard v. Dayton and Miller Red-E-Mix Concrete Co., 12 Utah 2d 34, 361 P.2d 522.