**Lulu BLACK, Plaintiff and Appellant,**

v.

**V. Pershing NELSON et al., Defendants and Respondents.**

**No. 13470.**

Supreme Court of Utah.

Feb. 24, 1975.

Jackson Howard, Howard, Lewis & Petersen, Provo, for plaintiff and appellant.

Ray H. Ivie, Ivie & Young, Provo, for Smith.

H. Wayne Wadsworth, Hanson, Wadsworth & Russon, Salt Lake City, for Nelson.

CROCKETT, Justice:

Plaintiff, Lulu Black, sued to recover for injuries sustained from a fall down a flight of stairs just inside the rear door to the Gladys' Beauty Salon on the corner of University Avenue and 200 North in Pro-

vo, Utah, which is operated by the defendants Smith, who lease from the defendant Nelson. At the conclusion of the evidence, the trial court granted the defendants' motions for directed verdicts. Plaintiff appeals, contending that there is a basis in the evidence to justify submission to a jury of the issues as to the defendants' negligence and her own contributory negligence.

■ In reviewing the directed verdict, which deprives the plaintiff of an opportunity to present her contentions to the jury, it is our duty to survey the evidence, and such inferences as can fairly and reasonably be derived therefrom, in the light favorable to the plaintiff's contentions, to see if there is any foundation therein upon which reasonable minds might find facts upon which to predicate a right to recover. But if there is no such foundation, the trial court correctly ruled as a matter of law that there was no basis to justify submitting the case to the jury.[1]

Plaintiff was a regular patron of the Gladys' Beauty Salon. Pursuant to appointment she went there at 2:00 p. m. on June 25, 1971, to have her hair set. She parked her car and entered through the front entrance on University Street, as patrons are wont to do. After her hair was put up in curlers, she left for a short time to meet her husband at the nearby Provo Courthouse. Upon her return she parked her car in a different place and decided to enter by the rear entrance. She says this was because she did not want anyone to see her with her hair in curlers. This rear door opens onto a hallway landing area, which is five feet wide and ten feet long. On the left, or south side, is a door entering into the beauty salon which is lettered "Employees Only." On the right, or north side, is the door to The Spice Rack, the other business in the building. At the west end of the landing is an open stairwell where stairs lead down to the basement. The evidence shows that, though it happened infrequently, some patrons of the beauty salon had been seen to use this rear door; and that the plaintiff had used it herself on another occasion.

### The Landlord's Liability

■ Concerning the landlord Nelson: The evidence is that he had instructed his tenants that their patrons were not to use the rear entrance; that it was to be used only by employees and service men; and that the outer rear door should be kept shut and locked. One of the reasons for this is that that was the only access to the basement where valuable property was stored. Further, that the defendants Smith adhered to that policy generally and had instructed their employees accordingly. In view of those uncontroverted facts, and especially coupled with what is said below about the plaintiff's own conduct, there seems to be no question about the correctness of the trial court's action in directing a verdict in favor of the landlord Nelson.

### The Beauty Salon's Liability

Mrs. Black's testimony is that upon closing the outside door behind her she was left in darkness, and that, thinking she was as close to the beauty shop door as to the outer door, she took two or three steps toward the beauty shop door and fell down the stairway. Her contention as to the issues of fact which she should be permitted to have passed upon by a jury are: as to defendants' negligence in their failure to keep this rear hallway lighted and in providing some safeguard against falling into the stairwell; and whether she used due care for her own safety under those circumstances.

■■ We agree with the general principle that the duty of due care varies according to the dangers reasonably to be anticipated;[2] and that this applies to the protection of patrons or customers of business premises in the normal and usual use

---

1. See Wood v. Wood, 8 Utah 2d 279, 333 P.2d 630, where plaintiff walked into an open stairwell in an attached garage.

2. Erickson v. Bennion, 28 Utah 2d 371, 503 P.2d 139; Brigham v. Moon Lake Electric Association, 24 Utah 2d 292, 470 P.2d 393.

thereof. But this is a principle which works both ways. If the circumstances here described had existed at the front door of the beauty salon, where patrons are expected to enter, the defendants' duty to safeguard them from injury would have been higher; and the failure to provide better lighting and protection undoubtedly would have presented a jury question, both as to the defendants' negligence and the plaintiff's contributory negligence. But inasmuch as this was a rear entrance, rarely used by patrons, the duty of care of the defendants proportionately diminished; and concomitantly, the plaintiff's duty of care in using such a rear entrance proportionately increased.

■ We bypass for the moment the question as to whether the defendants used due care for the plaintiff as a business invitee. Quite aside from that problem, there is another obstacle to her success here. A well-recognized and fundamental rule of safety is that one may not proceed into an unknown area without exercising some reasonable degree of caution to see that he can safely do so; and that if he fails in that regard and suffers injury, he is precluded from blaming someone else and recovering damages.[3]

■ On the basis of the plaintiff's own testimony she seems to be confronted with a dilemma. If she was in complete darkness, then she should have reopened the outer door to let in the daylight; if it was light, she should have seen the stairwell, and have avoided stepping beyond the landing and into it.[4] In accordance with the rules above stated and the previous adjudications of this court, we are not persuaded that we should disagree with the ruling of the trial court that reasonable minds could not find facts which would entitle her to recover.

Affirmed. Costs to defendants (respondents).

HENRIOD, C. J., and ELLETT and TUCKETT, JJ., concur.

MAUGHAN, Justice (dissenting):

Respectfully, I dissent on the ground that reasonable minds could disagree as to whether plaintiff exercised reasonable care for her safety, under the particular circumstances. The cases cited in the majority opinion in footnote 3 are factually distinguishable from the instant action in that the plaintiffs therein stepped into areas with which they were not acquainted. In contrast, the plaintiff here had previously used this rear entrance (as had others), and was familiar with the objective she sought, viz., the door to the salon, which was apparent to her because of a beam of light underneath the door, between the bottom of the door and the sill. The majority concludes as a matter of law that plaintiff had only one reasonable alternative when the back door closed, i. e., to retreat when she encountered darkness. Considering plaintiff's general familiarity with the area, reasonable minds might differ as to her exercise of due care in proceeding.

In Whitman v. W. T. Grant Company[1] this court stated that to justify holding that a jury question as to negligence exists, where injury has resulted from an observable hazard, it is essential that there be something which could be regarded as tending to prevent one from seeing the danger, thus providing some reasonable basis for finding that even though one exercised due care, one could be excused from seeing and avoiding it.

3. E. g., Tempest v. Richardson, 5 Utah 2d 174, 299 P.2d 124 (plaintiff goes to end of hallway looking for bathroom, opens door, steps into unlighted area) ; Henry v. Washiki Club, Inc., 11 Utah 2d 138, 355 P.2d 973 (1960) (patron in tavern looking for restroom went through swinging doors into dark area and fell down stairway) ; and Whitman v. W. T. Grant Company, 16 Utah 2d 81, 395 P.2d 918 (1964) (plaintiff in looking for the way out of store opened a door and stepped backward into elevator shaft). It is to be noted that the Utah Comparative Negligence Act, Chapter 209, S.L.U.1973, has not been injected into this case. It did not become effective until May 1973.

4. Clark v. Union Pac. R.R. Co., 70 Utah 29, 257 P. 1050.

1. 16 Utah 2d 81, 84, 395 P.2d 918 (1964).

Plaintiff here was prevented from seeing the hazard by the absence of any artificial illumination in the area. She was on the premises as a business invitee, she was generally familiar with the area having used the way before, as had others. Whether her course of conduct, after ascertaining the existing conditions, constituted an exercise of due care for her own safety, was a jury question.